IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

AUG 2 8 2008

BY _____ J.T. NOBLIN, CLERK
_____ DEPUTY

1:08CU509LG-RHW

MARION S. LEBON and LISA COWAND
        Plaintiffs,

vs.

STATE FARM FIRE & CASUALTY COMPANY,
        Defendant,

CASE NO.:

## COMPLAINT

### JURY TRIAL DEMANDED

Plaintiffs, MARION S. LEBON and LISA COWAND ("the Plaintiffs"), by and through their undersigned attorneys, hereby sue the Defendant, STATE FARM FIRE & CASUALTY COMPANY ("State Farm"), and allege the following:

### GENERAL ALLEGATIONS

1.      This is an action for damages in excess of the jurisdictional limits of this Court, as well as for declaratory relief pursuant to Fed. R. Civ. P. 57, and for additional equitable relief.

2.      Jurisdiction is proper in this Court under 28 U.S.C. § 1332(a) because complete diversity exists among the parties and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs. The property insured by State Farm's policy at issue in this case is situated in this judicial district, and a substantial part of the events giving rise to the Plaintiffs' claims occurred in this district. Venue is proper in this Court under 28 U.S.C. § 1391, the general statute, including subsections (a) and (c) thereof.

3.      At all times material hereto, the Plaintiffs were Mississippi residents owning property located at 1000 N. Beach Boulevard, Bay St. Louis, Hancock County, Mississippi.

4.     At all times material hereto, State Farm was and is a foreign corporation duly authorized to conduct the business of insurance in the State of Mississippi, and was and is engaged in the business of insurance in Hancock County, Mississippi and throughout the State of Mississippi and may be served with process through its agent for service of process, William E. Penna, 1080 River Oaks Drive, Suite B-100, Flowood, MS 39232-7644.

5.     In consideration of the premiums paid, State Farm issued to the Plaintiffs in Bay St. Louis, Hancock County, Mississippi, a policy of homeowners insurance bearing policy number 247923764 ("the Policy"). The Policy was in full force and effect when substantial damage occurred to the insured property as a result of hurricane and/or hurricane force winds from Hurricane Katrina on or about August 29, 2005. Copies of those portions of the policy in the possession of the Plaintiffs are attached hereto as Exhibit "A".

6.     As a result of the devastation caused by Hurricane Katrina, the Plaintiffs' insured home was completely destroyed, together with all contents and personal property situated therein, as well as all other structures located at or upon the insured property.

7.     Hurricane and/or windstorm damages and ensuing damages as a result thereof are covered by the Policy. The Policy is an "all risk" homeowner's policy, such that once the insured demonstrates a fortuitous loss occurred during the policy period, the burden is on the insurer to prove that any exclusion to coverage applies to preclude coverage for the loss. Specifically the Policy contains the following insuring provision:

### SECTION I – LOSSES INSURED

### COVERAGE - A - DWELLING

We insure for accidental direct physical loss to the property described in Coverage A, except as provided in **SECTION 1 - LOSSES NOT INSURED.**

8.    The State Farm homeowners Policy issued to the Plaintiffs contains Form FP-7955 which expressly states on its cover: "This is one of the broadest forms available today, and provides you with outstanding value for your insurance dollars."

9.    After their insured property sustained extensive damage and destruction as a result of Hurricane Katrina, the Plaintiffs properly and promptly submitted a claim to State Farm, seeking to obtain benefits under the Policy, as was their right.

10.    State Farm conducted a series of cursory investigations of the loss, initially sending its representative(s) to inspect the property, and assigning claim number 24Z504773 to the Plaintiffs' claim. However, rather than accepting its responsibility to provide coverage for the loss, State Farm denied all benefits under the Policy by claiming the loss was excluded from coverage pursuant to the following exclusionary clause found in the Policy:

**SECTION I - LOSSES NOT INSURED**

\*        \*        \*

2.    We do not insure any coverage for the loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arising from natural or external forces, or occurs as a result of any combination of these:

\*        \*        \*

c.    **Water Damage,** meaning:

(1)    flood, surface water, waves, tidal water, tsunami, seiche, overflow of a body of water, or spray from any of these, all whether driven by wind or not;

(2)    water from outside the **residence premises** plumbing system that enters through sewers or drains, or water which enters into and overflows from within a sump pump, sump pump well or any other system designed to remove

3

subsurface water which is drained from the foundation area; or

(3)    water below the surface of the ground, including water which exerts pressure on, or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure.

However, we do insure for any direct loss by fire, explosion or theft resulting from water damage, provided the resulting loss is itself a Loss Insured.

A copy of State Farm's October 21, 2005, denial letter is attached hereto as Exhibit "B".

11.    The Plaintiffs purchased the Policy from State Farm as a way to insure against property damage that could potentially result from hurricanes impacting the Mississippi Gulf Coast, including any and all damage proximately, efficiently, and otherwise caused by hurricane-force wind, rain and water.

12.    When selling the Policy to the Plaintiffs, and subsequently collecting premiums under the policy, State Farm expressly and/or impliedly represented to its insureds that they would have full and comprehensive coverage for any and all hurricane damage, including any and all damage proximately, efficiently and typically caused by hurricane wind, rain and water.

13.    Because of the representations of coverage made by State Farm, as well as State Farm's expressed and implicit promises, the Plaintiffs were left with the belief and reasonable expectation that the Policy would provide full and comprehensive coverage for all hurricane-related damage sustained to the insured residence, other structures on the premises and their personal property.  However, in response to the Plaintiffs' Hurricane Katrina loss, State Farm took the position that the Policy does not cover any of the Plaintiffs' hurricane-related damage, based on the theory that damage caused by flood, surface water, and waves is specifically

4

excluded from coverage, whether driven by wind or not, thus refusing to provide any benefits under the Policy.

14.     Mississippi's insurance law in existence for the last forty years mandates full insurance coverage if the covered event, in this case hurricane wind and water, was the efficient proximate cause of the loss.    Nevertheless, State Farm asserts entitlement to raise the exclusionary clause at issue based on the theory that the lead-in clause to the exclusion provides an "anti-concurrent causation" exception to this Rule with the following language:

> We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events.

15.     Additionally, as the policy at issue is an "all risk" policy, all risks of accidental direct physical loss are covered by the Policy unless specifically excluded by the terms of the contract.  In such policies, an insured such as the Plaintiffs only have the burden of showing the existence of a fortuitous loss, at which time the burden of proof shifts to the insurer, State Farm, to establish the applicability of a named exclusion under the facts of the case and the terms of the policy.

16.     In this case, there is no question but that the Plaintiffs have established a loss that is covered by the general insuring language of the Policy.  Thus, State Farm has the burden to prove that the loss would not have occurred in the absence of the excluded event, the water. State Farm has not and will not meet this burden of proof.

17.     An insurance contract is a contract of adhesion, and should be construed in the light most favorable to the insured.

18.     The concept of insurance is that insurance is the insurer's granting of prompt indemnity or security against a contingent loss.

19.     Inherent in any insurance contract is the premise that payment must be made promptly so that the insured may mitigate his or her damages and be put back into the position he or she was, prior to the loss, and as quickly as possible.

20.     A special relationship exists between an insurer and its insured, and is commonly described as one of the utmost of good faith and fair dealing.

21.     In Mississippi, the work of adjusting insurance claims engages the public trust.

22.     The Plaintiffs have complied with all conditions precedent to obtaining payment of benefits under the Policy from State Farm, or State Farm has waived and/or is estopped from raising such conditions precedent.

## COUNT I

## DECLARATORY JUDGMENT

23.     The Plaintiffs re-allege paragraphs 1 through 22 as if fully set forth herein.

24.     This is an action for declaratory judgment.

25.     This action for declaratory judgment has been filed for the purpose of determining an actual controversy between the Plaintiffs and Defendant.

26.     On the occasion of Hurricane Katrina, the Plaintiffs' insured property sustained extensive damage and loss, resulting in the total devastation of their home and loss of substantially all of the contents and personal property located on or in the premises. However, State Farm's position has been that it owes no obligation to provide any benefits to the Plaintiffs for their loss and damage, relying on the exclusions to coverage contained within SECTION I – LOSSES NOT INSURED, paragraph 2(c).

27.     State Farm's position is that lead-in sentence to paragraph 2. of SECTION I – LOSSES NOT INSURED is an "anti-concurrent causation" clause, such that all coverage is

precluded for the Plaintiffs' loss if any water damage occurred in combination with wind and/or rain damage to cause the loss to the insured premises.

28.    The Plaintiffs allege that State Farm breached its policy obligations to its insureds, the Plaintiffs, and that State Farm owes coverage for the damage sustained due to Hurricane Katrina at the insured property.

29.    The Plaintiffs allege that the exclusionary clause relied upon by State Farm does not operate as an "anti-concurrent causation" clause sufficient to contract around Mississippi's efficient proximate cause doctrine as relating to insurance policy interpretation, so that the damage is covered by the Policy, since the winds of Hurricane Katrina were the efficient proximate cause of the damage to the insured property.

30.    The State Farm Policy is an "all risk" policy, under which all risks of accidental direct physical loss to the insured property are covered unless specifically excluded by the terms of the policy.

31.    The Plaintiffs allege that the lead-in sentence relied upon by State Farm as being an "anti-concurrent causation" clause only applies to any damage which would not have occurred in the absence of the excluded event.

32.    The Plaintiffs allege that, in order to deny coverage for their Hurricane Katrina claim under the pertinent policy exclusion at issue, State Farm has the burden to prove that the loss and damage would not have occurred in the absence of flood water damage.

33.    The Plaintiffs allege that State Farm has not met its burden of proof, and the loss and damage is covered under the Policy.

34.    As a result of the facts set forth herein, the parties are uncertain to their rights and obligations under the policy, and there exists a present, ascertainable set of facts concerning the rights and obligations of both the Plaintiffs and State Farm under the Policy.

35.    The rights and obligations of both the Plaintiffs and State Farm under the Policy are dependent upon the facts and law applicable to the facts affecting coverages under the Policy.

WHEREFORE, the Plaintiffs, Marion S. Lebon and Lisa Cowand respectfully seek a declaration from this Court that:

(a)    State Farm breached its policy obligations to its insureds and State Farm owes the full amount of coverage for the damage sustained due to Hurricane Katrina at the insured property;

(b)    The exclusionary clause relied upon by State Farm does not operate as an "anti-concurrent causation" clause sufficient to contract around Mississippi's efficient proximate cause doctrine as relating to insurance policy interpretation, so that the damage is covered by the Policy, since the winds of Hurricane Katrina were the efficient proximate cause of the damage to the insured property.

(c)    The State Farm Policy is an "all risk" policy, under which all risks of accidental direct physical loss to the insured property are covered unless specifically excluded by the terms of the policy.

(d)    The lead-in sentence relied upon by State Farm as being an "anti-concurrent causation" clause only applies to any damage which would not have occurred in the absence of the excluded event.

(e)    In order to deny coverage for the Plaintiffs' Hurricane Katrina claim under the pertinent policy exclusion at issue, State Farm has the burden to prove that the loss and

damage would not have occurred in the absence of floodwater damage, an excluded event.

(f)     State Farm has not met its burden of proof, and the loss and damage is covered under the Policy.

(g)     The Plaintiffs are entitled to an award of damages, and such other and further relief as this Court may deem just and proper, and the Plaintiffs are entitled to receive a trial by jury on all issues so triable.

## COUNT II

### NEGLIGENCE/GROSS NEGLIGENCE/RECKLESS DISREGARD FOR RIGHTS OF PLAINTIFFS

36.     The Plaintiffs re-allege paragraphs 1 through 22 as if fully set forth herein.

37.     State Farm had a duty under Mississippi law to fully, fairly, adequately and correctly investigate and adjust Plaintiffs' claims for hurricane damage.

38.     State Farm breached this duty by failing to adequately investigate and adjust Plaintiffs' claims for hurricane damage.

39.     State Farm breached its duty by denying Plaintiffs' claim without meeting its affirmative burden of proving at the time of the denial by a preponderance of the evidence that Plaintiffs' loss was proximately and efficiently caused by a non-covered peril or a peril excluded by the policy.

40.     State Farm breached its duty by denying Plaintiffs' claim without meeting its affirmative burden of establishing at the time of the denial by a preponderance of the evidence which part of Plaintiffs' loss was caused by an excluded peril.

41.     Similarly, State Farm breached its duty by failing to pay Plaintiffs for the damage it could not prove by preponderance of the evidence was caused by an excluded peril.

42.     State Farm beached its duty by shifting to Plaintiffs the burden of proving that its loss was <u>not</u> excluded by the policy.

43.     State Farm breached its duty by dispatching an adjuster to investigate, adjust, and deny Plaintiffs' loss who did not have the qualifications or training to determine the cause of the Plaintiffs' loss.

44.     State Farm breached its duty by failing to properly train its adjuster on how to investigate and adjust Plaintiffs' loss.

45.     State Farm breached its duty by basing its denial of Plaintiffs' claim for hurricane damage on the investigation and adjustment of an unqualified adjuster.

46.     State Farm breached its duty by failing to adequately inspect, investigate or adjust the insured property prior to denying the claim.

47.     State Farm breached its duty by failing to conduct a complete, adequate, full, fair, and adequate investigation and adjustment of Plaintiffs' claim for damage under the policy.

48.     State Farm breached its duty by failing to credit the statements from eyewitnesses in investigating and adjusting Plaintiffs' claim.

49.     State Farm breached its duty by failing to utilize an objective meteorologist or structural engineer to determine the cause of Plaintiffs' loss prior to denying the claim.

50.     State Farm breached its duty by attempting to characterize storm damage as pre-existing defects.

51.     State Farm  breached its duty by denying Plaintiffs' claim without knowing what caused the loss or undertaking a reasonable effort to find out.

52.     State Farm breached its duty by characterizing covered damages as flood or storm surge related so as to deny coverage.

53.     Such conduct as alleged above constitutes negligence, gross negligence, and/or reckless disregard for Plaintiffs' rights as State Farm insureds.

WHEREFORE, the Plaintiffs, Marion S. Lebon and Lisa Cowand, pray this Court enter an award of actual, compensatory and consequential damages, interest, the costs of this action, and such other and further relief as this Court may deem just and proper. Further, the Plaintiffs request a trial by jury on all issues so triable.

## COUNT III

## BREACH OF CONTRACT

54.     The Plaintiffs re-allege paragraphs 1 through 22 as if fully set forth herein.

55.     State Farm owed a duty to its policyholders, Marion S. Lebon and Lisa Cowand, to make prompt and proper payment for their Hurricane Katrina claim, and to make available its policy limits to compensate its insureds for their loss. These duties arise from the language of the policy itself, from Mississippi statutory law and rules, and from the duties implied in every insurance contract in the State of Mississippi.

56.     State Farm breached these duties and obligations as recited above, by failing to make available any sums to indemnify its insureds, and by relying upon a policy exclusion to deny coverage which is, and should be, inapplicable under the circumstances of this claim.

57.     State Farm breached the Policy by failing to pay all benefits available and by utilizing an inappropriate interpretation of the Policy so as to attempt to avoid its obligations imposed by the Policy and by Mississippi law.

58.    State Farm  breached the subject policy by denying Plaintiffs' claim without meeting its affirmative burden of proving at the time of the denial by a preponderance of the evidence that Plaintiffs' direct loss was proximately and efficiently caused by a non-covered peril or a peril excluded from coverage in the insurance policy.

59.    State Farm  breached the subject policy by shifting to Plaintiffs the burden of proving that the loss was <u>not</u> excluded by the policy.

60.    State Farm breached the subject policy by failing to conclusively and objectively determine the proximate and efficient cause of loss.

61.    State Farm  breached the subject policy by basing its denial of Plaintiffs' claim on a nonobjective and scientifically unreliable engineering report.

62.    State Farm  breached the subject policy by negligently, grossly negligently, and/or recklessly failing to conduct an adequate, proper, honest, and good faith inspection, adjustment and investigation of Plaintiffs' claim for hurricane damage under the policy.

63.    State Farm breached the subject policy by basing its denial of Plaintiffs' claim for hurricane damage on an inadequate investigation, inspection and adjustment of Plaintiffs' loss.

64.    State Farm  breached the subject policy by basing its denial of Plaintiffs' claim for hurricane damage on the investigation and adjustment of an adjuster who was unqualified to determine the proximate cause of the loss.

65.    State Farm  breached the subject policy by failing to utilize an objective engineer or other expert to determine the proximate cause of the loss prior to denying Plaintiffs' claim for hurricane damage.

66.    State Farm  breached the subject policy by failing to construe the policy in favor of coverage for Plaintiffs' insured loss.

67.     As a result of these breaches, the Plaintiffs have been damaged, they have not been made whole, and they have been unable to make repairs necessary to return the property to its pre-loss condition.

68.     As a direct result of State Farm's breaches of its insurance contract, the Plaintiffs have lost the benefit of the use of their insured home, they continue to suffer this loss, and they have sustained substantial damages.

WHEREFORE, the Plaintiffs, Marion S. Lebon and Lisa Cowand, pray this Court enter an award of actual, compensatory and consequential damages, interest, the costs of this action, and such other and further relief as this Court may deem just and proper.  Further, the Plaintiffs request a trial by jury on all issues so triable.

## COUNT IV

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

69.     The Plaintiffs re-allege paragraphs 1 through 22 as if fully set forth herein.

70.     State Farm breached its duty of good faith and fair dealing by unjustifiably denying the insurance coverage for Plaintiffs' insured loss.

71.     State Farm breached its duty of good faith and fair dealing by denying Plaintiffs' claim without meeting its affirmative burden of proving at the time of the denial by a preponderance of the evidence that the direct physical loss to Plaintiffs' insured property was proximately and efficiently caused by a non-covered peril or a peril excluded by the policy.

72.     State Farm breached its duty of good faith and fair dealing by shifting to Plaintiffs the burden of proving that their loss was not excluded by the policy.

73.    State Farm breached its duty of good faith and fair dealing by failing to conclusively and objectively determine the proximate and efficient cause of the loss prior to its denial of Plaintiffs' claim for damage.

74.    State Farm breached its duty of good faith and fair dealing by denying Plaintiffs' claim for hurricane damage without being able to conclusively and objectively determine the proximate and efficient cause of the loss.

75.    State Farm breached its duty of good faith and fair dealing by basing its denial of Plaintiffs' claim on a nonobjective and scientifically unreliable engineering report and/or failing to obtain objective and scientifically reliable reports from engineers and other experts.

76.    State Farm breached its duty of good faith and fair dealing by basing its denial of Plaintiffs' claim on an engineering report that was speculative, inconsistent and inconclusive.

77.    State Farm breached its duty of good faith and fair dealing by denying Plaintiffs' claims for hurricane damage despite the overwhelming evidence from the insured property, surrounding area and eyewitnesses that the loss was caused by hurricane wind, tornadoes, microbursts, and/or mesocyclones.

78.    State Farm breached its duty of good faith and fair dealing by negligently, grossly negligently, and/or recklessly failing to conduct an adequate, proper, honest, and good faith inspection, adjustment and investigation of Plaintiffs' claim for hurricane damage prior to denying such claims.

79.    State Farm breached its duty of good faith and fair dealing by denying Plaintiffs' claim for hurricane damage without conduction an adequate, proper, honest, and good faith inspection, adjustment and investigation of Plaintiffs' claim for hurricane damage under the policy.

80.    State Farm breached its duty of good faith and fair dealing by basing its denial of Plaintiffs' claim for hurricane damage on an inadequate investigation, inspection, and adjustment of Plaintiffs' loss.

81.    State Farm breached its duty of good faith and fair dealing by basing its denial of Plaintiffs' claim for hurricane damage on the investigation, inspection and adjustment of an adjuster who was unqualified to determine the proximate cause of the loss.

82.    State Farm breached its duty of good faith and fair dealing by failing to utilize an objective meteorologist, engineer or other qualified expert to determine the proximate cause of the loss prior to denying Plaintiffs' claims for hurricane damage.

83.    State Farm breached its duty of good faith and fair dealing by failing to construe the policy in favor of coverage for Plaintiffs.

84.    Such conduct by State Farm violates the standards of decency, fairness and reasonableness.

85.    State Farm's breaches of its duty of good faith and fair dealing have proximately caused Plaintiffs to incur damages.

WHEREFORE, the Plaintiffs, Marion S. Lebon and Lisa Cowand, pray this Court enter an award of actual, compensatory and consequential damages, interest, the costs of this action, and such other and further relief as this Court may deem just and proper.  Further, the Plaintiffs request a trial by jury on all issues so triable.

## COUNT V

## POLICY REFORMATION

86.    The Plaintiffs re-allege paragraphs 1 through 22 as if fully set forth herein.

87.    This is an action for reformation of the State Farm-issued "all risk" Policy issued by the Defendant, State Farm, to the Plaintiffs, Marion S. Lebon and Lisa Cowand, when insuring the property that is the subject of this litigation.

88.    The Plaintiffs allege that the policy does and should provide coverage for their Hurricane Katrina damage, as the efficient proximate cause of that damage was windstorm and wind-related.

89.    However, should this Court determine that coverage is precluded for this loss by the tortured exclusion language of the policy, even though the efficient proximate cause was windstorm, and conclude that some damage was due to flood waters/storm surge, then the Plaintiffs seek a reformation of the contract of insurance.

90.    The intent of the Plaintiffs when they entered into this contract was to obtain the best and most comprehensive coverage available, including obtaining coverage for the express situation that occurred when their home sustained substantial and devastating Hurricane Katrina-related damage due to wind and water, where the efficient proximate cause of the loss was the windstorm. The Plaintiffs reasonably believed that they were obtaining coverage for this type of an occurrence when they purchased the Policy from State Farm.

91.    Even if State Farm's misguided interpretation of its own policy were accepted, then the failure of coverage is due to unilateral mistake on the part of the insureds, the Plaintiffs, along with inequitable and improper conduct by the insurer, State Farm, in conjunction with this mistake. Particularly, this reasonable mistake on the part of the Plaintiffs, as well as the inequitable and improper conduct of State Farm, is evidenced, in part, by the statement contained on the face of the homeowner's coverage form wherein it states:  "This policy is one of the

broadest forms available today, and provides you with outstanding value for your insurance dollars."

92.    In fact, State Farm used its superior bargaining position and power over its insureds so as to mislead and induce its insureds, the Plaintiffs, into believing that they would receive coverage for the exact circumstances which occurred in this case.    Then, once the insureds were at their most vulnerable, State Farm refused to provide coverage for any of the loss to the insured property, relying upon the particular exclusionary clause discussed above.

93.    Ultimately, should this Court find that there is no coverage under the Policy for the Plaintiffs' Hurricane Katrina loss, the Policy should be reformed to reflect the intent and mistake of the Plaintiffs, in conjunction with the inequitable conduct of State Farm, and this Court should require the Policy to provide coverage for the damages and loss sustained by the Plaintiffs.

WHEREFORE, Plaintiffs, Marion S. Lebon and Lisa Cowand, request that the policy be reformed to comport with the intent that coverage be afforded to the Plaintiffs for the Hurricane Katrina-related damages as was their understanding, intent and belief at the time the contract was formed.    Plaintiffs further request that this Court award any and all other relief including costs, and other damages such as monetary damages for the policy benefits available, and such other and further relief as this Court deems just and appropriate.    Plaintiffs request a trial by jury on all issues so triable.

## COUNT VI

## PROMISSORY ESTOPPEL

94.    The Plaintiffs re-allege paragraphs 1 through 22 as if fully set forth herein.

95.    This Count is being brought as an additional and alternative theory regarding the amount of money/policy benefits owed to the Plaintiffs from State Farm as a result of their Hurricane Katrina loss.

96.    Prior to the issuance of the State Farm Policy, the Plaintiffs sought, and were promised, the most extensive and best coverage they could obtain for any damages arising as a result of a hurricane and to protect their covered property, which is an area potentially vulnerable to hurricane damage.  In seeking such coverage, the Plaintiffs specifically requested a policy that would provide comprehensive coverage to the insured property for all damages where the efficient proximate cause of the loss was a hurricane.  The Plaintiffs sought, and were promised by State Farm that they were obtaining, such coverage, so that they did not seek to insure this type of loss with additional and more comprehensive coverage elsewhere.

97.    During the course of Hurricane Katrina, the Plaintiffs' insured property sustained substantial damage resulting in a complete and total destruction of the insured property. However, State Farm completely denied any coverage for the loss, arguing that the Policy does not cover the damage, due to the fact that the ultimate result of the hurricane was flood water/storm surge.

98.    The Plaintiffs reasonably relied upon the representations and conduct of State Farm to their detriment, since State Farm has now disavowed any coverage for the loss, in spite of its original promises of full, complete, and comprehensive coverage.  Now the Plaintiffs are faced with the possibility of not being able to recover any insurance policy benefits for the loss should State Farm prevail on its position regarding coverage.  If the Plaintiffs had not relied upon State Farm's promises, they could have sought additional and alternative coverage elsewhere to have accounted for this lack of comprehensive coverage in the Policy.  The Plaintiffs changed

their position in reliance on State Farm's promises, to their detriment, and as a result they have sustained damages.

99.    As a result, State Farm should not be allowed to rely upon its improper, inequitable and inappropriate conduct, and the Plaintiffs should be awarded coverage for their loss.

WHEREFORE, Plaintiffs, Marion S. Lebon and Lisa Cowand, request that this Court enter an award of actual, compensatory and consequential damages, prejudgment interest, costs of this action, and such other and further relief as this Court deems just and appropriate. Further, Plaintiffs request a trial by jury on all issues so triable.

## COUNT VII

## AGENT NEGLIGENCE

100.    The Plaintiffs re-allege paragraphs 1 through 22 as if fully set forth herein.

101.    The Plaintiffs allege that State Farm, through its captive insurance agents, owed them a duty of care to procure full and comprehensive coverage for all hurricane-related damage at their home.    Moreover, State Farm had a duty to advise the Plaintiffs of its restrictive interpretation and application of its own policy language as it relates to storm surge damage and concurrent causation and that under its interpretation of the policy language, if the Plaintiffs sustained any amount of storm surge damage, however minor, during a hurricane, their coverage under their homeowners policy would be null and void.

102.    The Plaintiffs further allege that State Farm failed to procure adequate coverage and at no time did State Farm notify them of their failure to procure full and comprehensive coverage for all hurricane-related damage.

103.    The Plaintiffs allege that State Farm's failure to procure the full and comprehensive insurance coverage they sought amounted to a breach of the duty of care owed to Plaintiffs, and in the alternative, allege that State Farm's failure to advise and warn them of the huge gaps in coverage for hurricane damage as a result of its tortured interpretation of its own policy form was, likewise, a breach of the duty of care owed the Plaintiffs by State Farm's agents.

104.    The Plaintiffs allege further that the breach of the duty of care by State Farm and its agents proximately caused damage and loss to the Plaintiffs equal to the total amount of any uninsured losses sustained to the Plaintiffs' property as a result of Hurricane Katrina. Moreover, State Farm's breach of its duties to the Plaintiffs amounted to willful and wanton, or gross negligence entitling the Plaintiffs to recover punitive damages.

WHEREFORE, Plaintiffs, Marion S. Lebon and Lisa Cowand, request that this Court enter an award of actual, compensatory and consequential damages, prejudgment interest, costs of this action, and such other and further relief as this Court deems just and appropriate. Further, Plaintiffs request a trial by jury on all issues so triable.

## COUNT VIII

### BAD FAITH

105.    The Plaintiffs' re-allege paragraphs 1 through 22 as if fully set forth herein.

106.    This is an action for insurer bad faith against State Farm for its breach of the covenant of good faith and fair dealing, seeking compensatory damages, punitive damages, and attorney's fees.

107.    This action arises from the Hurricane Katrina loss sustained by the insureds, Marion S. Lebon and Lisa Cowand, against their insurer, State Farm, for its egregious misconduct in adjusting and investigating its insureds' loss.

108.    Mississippi law requires a duly admitted insurance carrier, such as State Farm, to treat its insureds with honesty, fairness, and with due regard for the interests of the insured. The special relationship between an insurer and its insured requires the insurer to act toward insured with the utmost of good faith and fair dealing when the insured is at his or her most vulnerable. State Farm breached these duties in the handling of the Plaintiffs' claim in order to ensure its own financial gain and profit.

109.    State Farm is engaged in the business of insurance, and is subject to Mississippi statutes, Mississippi regulations, and Mississippi law while involved and engaged in the business of insurance. In the State of Mississippi, an insurance carrier has an implied duty of good faith and fair dealing to treat its insured fairly, reasonably, and honestly, and with the due regard for the insured's interest. State Farm has been guilty of failing and/or refusing in good faith to settle this subject claim when under all the circumstances it could and should have done so had it acted fairly and honestly towards its insured.

110.    Significantly, when State Farm issued the Policy to the Plaintiffs, it promised to provide the best and most comprehensive coverage available, including coverage for any loss where the efficient proximate cause of the loss was a windstorm such as Hurricane Katrina. In spite of these promises, when faced with its insureds' devastating loss in the aftermath of Hurricane Katrina, State Farm attempted to avoid its coverage obligations and instead adopted a position completely contrary to Mississippi law on the subject. State Farm systematically engaged in a scheme to intentionally misinterpret its own policy exclusion language to avoid

paying claims for Hurricane Katrina damage. State Farm tortiously breached its claims handling duties by seeking any way to disavow coverage, even when coverage was afforded by the Policy, and by Mississippi law.

111. Moreover, State Farm only conducted a very cursory review of the insured property after the storm, and it did not conduct a complete and proper evaluation of the damage or the cause of the damage.

112. Significantly, the Mississippi insurance department issued Bulletin 2005-6 on September 7, 2005, specifically addressing situations where little or nothing remains of the insured structure following Hurricane Katrina damage, such that a fact issue may arise concerning the cause of the loss. The Bulletin specifically requires:

> In those situations, the insurance company must be able to clearly demonstrate the cause of the loss. I expect and believe that when there is any doubt, that doubt will be resolved in favor of finding coverage on behalf of the insured. In instances where the insurance company believes the damage was caused by water, I expect the insurance company to be able to prove to this office and insured that the damage was caused by water and not by wind.

A copy of this Bulletin is attached hereto as Exhibit "C". This Bulletin, authored by the Commissioner of Insurance, George Dale, was completely disregarded and ignored by State Farm in the adjustment of the Plaintiffs' loss.

113. Rather than carrying out its contractual, statutory, regulatory and ethical duties, State Farm has committed acts during the adjustment of the Plaintiffs' claim that were not in good faith, and were so egregious as to constitute intentional and willful misconduct, or gross negligence or reckless disregard for the rights of its insured.

114. Upon information and belief, State Farm implemented claims programs for the adjustment of Hurricane Katrina claims that are/were secret and unknown practices that were designed to pressure its adjusters/investigators/employees to pay less than the fair value of the

claim, to be free from regulatory and judicial review, and to create an unfair advantage over its competitors, and its insureds.

115.    Upon information and belief, as a general business practice, State Farm has adopted this practice throughout the State of Mississippi as a way to reduce its exposure in the face of catastrophic losses, even though the duty to accept coverage and pay policy benefits must be afforded under the circumstances.

116.    State Farm has pursued this course of conduct willfully and maliciously, or with gross negligence or in reckless disregard for the rights of its insureds, including the Plaintiffs. State Farm's motivation for attempting to disavow coverage arises from its attempts to preserve profits rather than any attempts to treat its insureds fairly and honestly.

117.    Upon information and belief, State Farm has financially benefited from this unfair claims handling practice, and State Farm should be made to disgorge all unlawful or illegitimate profits and monies from such bad faith claims handling practices.

118.    · As a direct result of State Farm's aforementioned acts, omissions, and violations of the law, the Plaintiffs were required to hire the undersigned attorneys to represent them in this matter, and the Plaintiffs are required and obligated for attorney's fees and costs in connection with the prosecution of this action.  The Plaintiffs are entitled to recover these attorney's fees, as well as punitive damages in this case, due to State Farm's improper conduct, and as a way to punish and deter State Farm from engaging in this practice in the future.

WHEREFORE, Plaintiffs, Marion S. Lebon and Lisa Cowand, demand judgment against the Defendant, State Farm, for actual and compensatory damages, interest, costs, attorney's fees, and punitive damages, and such other and further relief as this Court deems just and appropriate. Plaintiffs further request a trial by jury on all issues so triable.

## COUNT IX

## NEGLIGENT/INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

119.    The Plaintiffs re-allege paragraphs 1 through 22 as if fully set forth herein.

120.    The conduct and omissions of State Farm as alleged above constitutes negligent and/or infliction of emotional distress on Plaintiffs.

121.    State Farm's bad faith adjustment and denial of Plaintiffs' claims for damage caused by Hurricane Katrina as set forth above, and its treatment of Plaintiffs through the claims process was outrageous, repulsive, malicious, intentional, unjustified, willful, wanton, reckless, grossly negligent, and done with gross indifference and reckless disregard to Plaintiffs' rights.

122.    Plaintiffs have suffered mental and emotional pain, suffering, and financial injury as a proximate and foreseeable result of State Farm's bad faith adjustment and denial and treatment of Plaintiffs through the claims process.   Plaintiffs have also suffered physical manifestations and injuries resulting from this emotional distress proximately and foreseeably caused by State Farm's adjustment, denial and conduct.

WHEREFORE, Plaintiffs, Marion S. Lebon and Lisa Cowand, demand judgment against the Defendant, State Farm, for actual, compensatory and consequential damages, interest, costs, attorney's fees, and punitive damages, and such other and further relief as this Court deems just and appropriate.   Plaintiffs further request a trial by jury on all issues so triable.

## X

## REMEDIES

123.    The Plaintiffs re-allege each and every allegation set forth in all foregoing paragraphs of the Complaint.

124.    Plaintiffs respectfully demand a trial by jury on all issues so triable.

125.    As a direct and proximate result of State Farm's negligence, gross negligence, breach of contract, breach of duty of good faith and fair dealing, bad faith and tortious breach of contract without a legitimate or arguable reason in fact or law and State Farm's reckless disregard for Plaintiffs' rights as a State Farm insured, Plaintiffs are entitled to the following relief:

(A)    Payment for all contractual benefits for all coverages afforded to Plaintiffs under the subject State Farm policy for damage to Plaintiffs' insured property caused by Hurricane Katrina, with interest on all amounts due Plaintiffs under its policy;

(B)    Prejudgment interest on the amounts owing to Plaintiffs in contractual or policy benefits with interest, retroactive to August 29, 2005.

(C)    Consequential damages on its contract claims, including but not limited to the amounts Plaintiffs expended or lost in trying to repair/replace its insured property without proper insurance benefits since August 29, 2005.

(D)    Compensatory and consequential damages for the tort claims, mental distress, emotional distress and harm, and other losses and damages suffered by Marion S. Lebon and Lisa Cowand as a result of the denial of coverage.

(E)    Attorney fees and costs of litigation for intentional acts committed by State Farm.

(F)    Extra-contractual damages for State Farm's tortious, malicious, willful, wanton, reckless, grossly negligent, and bad faith conduct, which arose to the level of an independent tort, including but not limited to, compensatory damages for all out-of-pocket expenses incurred by reason of State Farm's refusal to pay contractual benefits including, but not limited to, recovery of public adjuster, appraiser and umpire expenses incurred by Plaintiffs

because of Defendant's denial of insurance coverage, as well as attorney's fees and costs.

(G)    Punitive and exemplary damages for State Farm's tortious, malicious, willful, wanton, reckless, grossly negligent, and bad faith conduct which rose to the level of an independent tort, including but not limited to, an award of punitive damages sufficient to punish and deter State Farm and to make an example of the Defendant insurance company to discourage other insurers from engaging in such misconduct, taking into account State Farm's financial condition in determining an amount sufficient to achieve the public purposes underlying an award of punitive damages as may be determined by the Court and/or jury.

(H)    An Order estopping State Farm from now inspecting the insured property or determining the cause of loss based on its denial and post-denial conduct.

(I)    On all claims, Plaintiffs are entitled to recovery for humiliation stigmatization in the Plaintiffs' communities, embarrassment and mental distress proximately caused by Defendant's wrongful denial of the claim.

126.    Plaintiffs respectfully request such further general or specific relief to which it is entitled to at law or in equity.

Respectfully submitted this _28th_ day of August, 2008.

MARION S. LEBON AND LISA COWAND,
Plaintiffs

BY: _____
DEBORAH R. TROTTER
MSB: #101360

DEBORAH R. TROTTER
Merlin Law Group, P.A
368 Courthouse Road, Suite C
Gulfport, MS 39507
Telephone (228) 604-1175
Fax (228) 604-1176
Email dtrotter@merlinlawgroup.com
ATTORNEYS FOR PLAINTIFFS