IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MARION S. LEBON and LISA L. COWAND                                   PLAINTIFFS

VS.                                                  CAUSE NO.: 1:08CV509-LTS-RHW

STATE FARM FIRE & CASUALTY COMPANY                                    DEFENDANT

---

**DEFENDANT'S JOINT REBUTTAL IN SUPPORT OF (1) EXPEDITED MOTION
TO QUASH PLAINTIFFS' NOTICE OF 30(b)(6) IT VIDEO DEPOSITION
AND ISSUANCE OF DEPOSITION SUBPOENA DUCES TECUM
OR, IN THE ALTERNATIVE, MOTION FOR PROTECTIVE ORDER and
(2) EXPEDITED MOTION TO QUASH PLAINTIFFS' NOTICE OF 30(b)(6) VIDEO
DEPOSITION AND ISSUANCE OF DEPOSITION SUBPOENA DUCES TECUM
OR, IN THE ALTERNATIVE, MOTION FOR PROTECTIVE ORDER**

---

COMES NOW, Defendant, State Farm Fire & Casualty Company (hereinafter "State Farm"), by and through the undersigned counsel, and pursuant to Rule 26 of the Federal Rules of Civil Procedure, respectfully files this Joint Rebuttal in Support of Expedited Motion to Quash Plaintiffs' Notice of 30(b)(6) IT Video Deposition and Issuance of Deposition Subpoena Duces Tecum or, in the alternative, Motion for Protective Order and (2) Expedited Motiion to Quash Plaintiffs' Notice of 30(b)(6) Video Deposition and issueance of Deposition Subpoena Duces Tecum or, in the alternative, Motion for Protedtive Order, stating unto the Court as follows:

I.

INTRODUCTION

The plaintiffs have filed a joint response to State Farm's two Motions to Quash or in the alternative, for Protective Order regarding a claim handling 30(b)(6) deposition and an IT 30(b)(6) deposition. The plaintiffs' response is peculiar in that, though the response generally references electronic discovery, it is not particularly tailored to the specific discovery requests at issue in this

case. The response does not appear to address State Farm's objections to the claim handling 30(b)(6) at all, so it would be appropriate for the Court to grant that motion forthwith.

II.

As to the IT 30(b)(6), the response provides little or nothing in the way of specific justifications for why the information in question is needed, instead relying on generalizations such as:

> Plaintiffs submit that 30(b)(6) depositions of persons most knowledgeable regarding the Defendant's First Party Property Claims Handling Procedures and Processes, including the proper documentation of the policyholders' claims file, and Defendant's electronic document creation, retention, transmission, and storage systems and operational flow will assist in the narrowing the search and production of relevant, responsive information.

(Plaintiffs' Response, ¶ 17). Or:

> The location of electronically stored data is best identified by a flow chart showing all of the related databases and the interactions among them, as well as, the data input terminals and their various locations. User manuals for these databases will allow for the determination of the best method for retrieval of relevant data from these databases using the interfacing, reporting and/or indexing capabilities of each database.

(Plaintiffs' Response, p. 8). How this is specifically relevant to the plaintiffs' claims in the instant case is left to the imagination. Suffice to say, the plaintiffs have wholly failed to show any reasonable justification for the information sought, or their belated effort in seeking it in the first place, and the Court should grant State Farm's Motion to Quash, and or Protective Order.

III.

REBUTTAL IN SUPPORT OF MOTION TO QUASH

Plaintiffs' Response fails to explain why they did not give reasonable and sufficient notice of their intent to pursue the present course of discovery. Plaintiffs' note that they provided an IT Questionnaire to the Court prior to the date of the Case Management Conference, yet offer no explanation for their decision to wait until seven months after the entry of the Case Management Order [13] before requesting any depositions, and another two months before filing their Notice of 30(b)(6) IT Video Deposition [59]. Plaintiffs make no attempt to explain their lack of diligence in pursuing these matters prior to this late date because no explanation exists.

IV.

Plaintiffs' assertion that State Farm has "continuously refused" to produce relevant documents and information is disingenuous. State Farm has been a good faith participant in the discovery process. It is Plaintiffs who neglected to raise or pursue the present issues until the last possible moment. Plaintiffs' further assertion that they have "expressed on numerous occasions their need for a 30(b)(6) deposition in the Noticed areas of inquiry" is simply not borne out by the facts. Plaintiffs' did not make an appropriate request for a 30(b)(6) deponent to discuss IT topics prior to the filing of the instant Notice.

V.

By waiting until only 17 days prior to the expiration of the discovery deadline to file their Notice, Plaintiffs have unnecessarily jeopardized that deadline. Furthermore, by filing a Notice that is patently over broad, unduly burdensome and otherwise objectionable, and by unilaterally setting the deposition of State Farm's corporate representative for one day from today, Plaintiffs have made

it impossible for State Farm to identify and prepare an appropriate representative. Under these circumstances, State Farm has no choice but to ask that this Court quash the instant Notice in its entirety.

VI.

REBUTTAL IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

Plaintiffs' claim their Notice of 30(b)(6) IT Video Deposition is not over broad and was "carefully drafted" with "painstaking specificity" in an attempt to discover "relevant information necessary for Plaintiffs' to prepare their case." No matter how careful and painstaking the drafting, Plaintiffs' Notice is clearly and inherently over broad. It simply is not limited in any reasonable way to the claims at issue in this case. Rather, it is clearly an impermissible attempt to "examine the intricacies of State Farm's electronic storage, retrieval and communication methods." *Marion v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order Granting in Part Motion for Protective Order [231] p. 3.

VII.

As stated in its Motion, State Farm does not categorically object to the production of a corporate representative who can speak to legitimate IT issues. However, the burden is on Plaintiffs to produce a Notice containing topics reasonably calculated to lead to the discovery of admissible evidence. And Plaintiffs have not met that burden in this case. In the event that Plaintiffs are permitted to conduct an IT deposition, the testimony and any related document production should be strictly limited to those IT policies and procedures which directly relate to State Farm's adjustment of this claim.

VIII.

Plaintiffs correctly state that "the entire claim file is relevant" and Plaintiffs are entitled to all information "regarding State Farm's decision to pay or not pay Plaintiffs' claims, including engineer reports and inspection reports . . .." What Plaintiffs apparently fail to comprehend, despite State Farm's representations, is that all such information has already been produced. Plaintiffs' observation that "liberal discovery is encouraged" and "discovery is usually allowed into any matter that bears upon the issues or reasonably could lead to relevant information" is also, generally speaking, correct. However, this is not the sort of information Plaintiffs are seeking. Instead, Plaintiffs are clearly on a fishing expedition for information related "State Farm's computer storage policies and [information gathering] systems" – broad and sweeping topics that "lack of relevance to the matters at issue." *Perkins v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:07cv116, Order [117] p. 6.

IX.

State Farm's objections to Plaintiffs' Notice are based on over breadth, undue burden and relevancy. When State Farm also objects on the basis that a particular topic has the "potential to seek information protected as attorney/client communication or pursuant to the work-product doctrine and to seek information that is confidential, proprietary, or trade secret and subject to the Mississippi Trade Secret Act", it is not admitting that responsive attorney/client, work-product or trade secret documents exist. Rather, its objection is couched in the "potential" of the overly broad topic to encompass such information. Therefore, Plaintiffs' demands for a Privilege Log are unnecessary and premature.

X.

Plaintiffs' Hurricane Katrina case concerns essentially the very same issues as every other residential Hurricane Katrina case heard by this Court since August 29, 2005, and the Merlin Law Group has handled many such cases. Therefore, it is disingenuous of Plaintiffs to suggest that they first learned of State Farm's practice of issuing laptops and digital cameras to Hurricane Katrina adjusters during the deposition of Curtis Hilgersom. The Merlin Law Group has long been aware of this practice and has been afforded ample and significant opportunity to explore its ramifications, if any, to their claims prior to this late date.

XI.

CONCLUSION

The Court should quash Plaintiffs' Notice of 30(b)(6) IT Video Deposition as onerous and untimely. State Farm has not been given sufficient time to identify, coordinate with and prepare a representative to speak on its behalf and cannot, in all fairness, be expected to prepare a representative for the sort of sweeping discovery demanded by Plaintiffs in the time provided. In the event that the Court does not determine to quash Plaintiffs' Notice, it should, at a minimum, enter a Protective Order forbidding inquiry into certain matters and/or limiting the scope of discovery to the narrow claims actually at issue in this litigation.

WHEREFORE, PREMISES CONSIDERED, State Farm would respectfully request that this Honorable Court grant the relief requested in Motion to Quash Notice of 30(b)(6) IT Video Deposition in its entirety or, in the alternative, enter a Protective Order forbidding inquiry into certain matters and/or limiting the scope of discovery as detailed herein above. State Farm would further request any additional relief the Court may find warranted in the premises.

Respectfully submitted,

STATE FARM FIRE AND CASUALTY COMPANY

HICKMAN, GOZA & SPRAGINS, PLLC
Attorneys at Law
Post Office Drawer 668
Oxford, MS 38655-0668
(662) 234-4000

BY:  */s/ H. Scot Spragins*
         H. SCOT SPRAGINS, MSB # 7748

CERTIFICATE OF SERVICE

  I, H. SCOT SPRAGINS, one of the attorneys for the Defendant, STATE FARM FIRE & CASUALTY COMPANY, do hereby certify that I have on this date electronically filed the foregoing document with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record.

  DATED, November 13, 2009

                     */s/ H. Scot Spragins*
                     H. SCOT SPRAGINS

H. SCOT SPRAGINS, MSB # 7748
HICKMAN, GOZA & SPRAGINS, PLLC
Attorneys at Law
Post Office Drawer 668
Oxford, MS 38655-0668
(662) 234-4000