**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**MARION S. LEBON and
LISA COWAND**                                                                                                     **PLAINTIFFS**

**VS**                                               **CASE NO. 1:08-CV-509-LTS-RHW**

**STATE FARM FIRE & CASUALTY COMPANY**                  **DEFENDANT**

**PLAINTIFFS' REPLY
TO DEFENDANT'S RESPONSE IN OPPOSITION
TO MOTION FOR EXTENSION OF DEADLINES**

**COME NOW** Plaintiffs, Marion S. Lebon and Lisa Cowand, through undersigned counsel, and hereby file this Reply to Defendant's Response in Opposition to Plaintiffs' Motion for Extension of Deadlines. In support of said Reply, Plaintiffs state the following to wit:

**I. LEGAL STANDARD AND ARGUMENT**

In Defendant's Response in Opposition to Plaintiffs' motion to extend the discovery deadline and motion deadline is this case, Defendant showed the court the difficulties of scheduling depositions across this country and beyond for very active deponents and experts. However, Defendant's exhibits were very selective in its attempts to show that the scheduling difficulties were the result of something other than their very own obstructionist tactics of offering deposition dates only at the end of the discovery period, availability of requested deponents only in a certain time and/or place, or only within a week, or on some occasions, for only one day in a specific place. (See Composite Exhibit A.)

Further, without proper recognition of inherent difficulties in coordinating schedules, Defendant attempted to persuade the court that the inability to properly notice depositions was due to something other than State Farm's orchestrated efforts to hide the known whereabouts of the

requested deponents listed in State Farm's Initial Disclosures (See Exhibit B, State Farm Initial Disclosures, and Exhibit C, Requests for contact information and/or acceptance of service), contrary to Federal Rules of Civil Procedure 26(a)(1)(A)(i) which in pertinent part states that:

> (1) *Initial Disclosure.*
>   (A) *In General.* Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide the other parties:
>   (i) the name and, if know, the address and telephone number of each individual likely to have discoverable information–along with the subjects of that information–that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

Federal Rules of Civil Procedure 26(a).

On February 4, 2009, this court scheduled twelve (12) case management conferences, including this case, between the two firms involved in this present action. This court scheduled the 12 cases in groups of three over a slightly staggered period. On March 30, 2009 during a Hearing with this court for an extension of time in two of those cases for Plaintiffs to respond to discovery, one Plaintiff was out of the country and the other was combating illness, State Farm sought a deposition schedule for Plaintiffs in those 12 cases, without regard to their schedules or circumstances. This court granted State Farm's request which resulted in the deposition schedule attached as Exhibit D. The court offered that it would assist the Defendant in obtaining information necessary to resolve these cases. In respect for the ruling, Plaintiffs obliged.

Further, in August 2009, this court ordered several of those 12 cases into mediation. At one of the mediation, State Farm refused to even participate and refused to counter Plaintiff's demand. So much for State Farm's alleged efforts at resolving cases as alleged in its Response in opposition to Plaintiffs' request for an extension.

Plaintiffs requested deposition dates for requested deponents in this case in September 2009, only to receive deposition dates for late October and early November. The trial date in this

matter is not until June 7, 2010. It is not necessary to allow only a three month period in which to depose no less than five experts designated by defendant, which five experts are located throughout the country and beyond.

Though, Plaintiffs have accomplished the depositions of the requested experts, the short discovery period does not allow for follow up to information discovered that would likely lead to the admissible evidence as contemplated by Federal Rules 26. Further, it is often in these depositions that a party discovers information withheld, not previously identified and/or in the possession of some other entity or source, such as that information requested of deponents from the Structures Group in this matter.(See Exhibit E, Good Faith Correspondence re Information to be Produced by the Structures Group.)

State Farm uses the recent cancellation of a deposition in Chicago to support its objection to an extension of the discovery deadline. However, State Farm fails to alert the court that the Plaintiffs were forced to cancel the deposition scheduled in Chicago due to the approach of Hurricane Ida, to which counsel for State Farm was fully apprised. (See Exhibit F.) This deposition of an employee of State Farm who is in possession of relevant information to the Plaintiffs' claims will not be allowed to be rescheduled without an extension of the discovery deadline.

Further, State Farm objects to Plaintiffs' request for a discovery extension because it alleges that Plaintiffs have not conferred with Defendant regarding Plaintiffs' requested 30(b)(6) deponents. However, Plaintiffs sent a detailed Notice with attached Topics of Inquiry as to alert Defendant to the areas that the Corporate Representative, or Person(s) Most Knowledgeable (PMK), should be prepared for testimony on behalf of State Farm. (See Exhibit G.) Further, Plaintiffs sent State Farm a very detailed basis for the relevancy and discoverability of all of the information and data requested from State Farm in Plaintiffs' discovery requests, to which topics Plaintiffs also wanted

State Farm's 30(b)(6) deponent to be able to speak for the company.

Plaintiffs scheduled these 30(b)(6) deponents with reasonable notice, especially, given the fact that these areas of inquiry had been discussed in previous cases between the firms, and during recent depositions where opposing counsel advised that a 30(b)(6) witness would be made available for those types of inquiries that the sitting deponent was not authorized to answer.

However, the most egregious obstructionist tactics used by State Farm in this case is its arbitrarily ending the discovery period two weeks prior to the current deadline of November 16, 2009. Plaintiffs submit that the previously mentioned instances and these instance listed below, present good cause for an extension of the discovery deadline and the motion deadline in this case.

On October 30, 2009, Plaintiffs sent its Notices for a 30(b)(6) deponent and a 30(b)(6) IT deponent. On November 5, 2009, after detailed correspondence identifying the topics of inquiry and the relevancy of the requested topics, State Farm filed emergency Motions to Quash the 30(b)(6) deponents depositions. (See Exhibit G) On November 9, 2009, the day of the hurricane warnings for Hurricane Ida, Plaintiffs were ordered by the court to respond to State Farm's Expedited Motion to Quash by 9:00am on November 10, 2009. Plaintiffs filed their timely Response.

However, on November 10, 2009, State Farm informed Plaintiffs that it would not be participating in the 30(b)(6) depositions scheduled. (See Exhibit H.) State Farm's cancellation of the depositions is contrary to Uniform Local Rule 37.2 that states "The filing of a motion for protective order to limit or quash a deposition does not operate as a stay of the deposition. It is incumbent upon the party seeking the protection of the court to obtain a ruling on the motion prior to the scheduled deposition." Plaintiffs will not be allowed to rescheduled these depositions without an extension of the discovery deadline.

On November 2, 2009, Plaintiffs sent detailed correspondence to State Farm identifying

production of data and materials that the deponents, State Farm experts, The Structures Group, agreed to produced. (See Exhibit E.) Defendant has decided not to respond to at all and to force Plaintiffs to file a Motion to Compel the production.

On November 6, 2009, Plaintiffs sent correspondence to State Farm seeking to obtain production of data and documents held at opposing counsel's office and requested confirmation of November 11 - 14, 2009, as dates that Plaintiffs could have access to the data and information for inspection and copying as stated in State Farm's discovery responses. (See Exhibit I.) Again, State Farm chose to continue its invoke its arbitrary discovery deadline by ignoring Plaintiffs requests and failing to respond at all.

State Farm should not be allowed to make a mockery of the judicial system by selectively applying portions of the Federal Rules and Local Rules to aid in their obstructionist tactics. Again, though, the Federal Rules and Local Rules allow for the inspection and copying of data and information, it also requires that the burden to shift the cost of production to another party be based upon proof that the production requested would in fact be burdensome. Also, to benefit from the rule that allows inspection and copying of voluminous materials, the party seeking protection from the burden of production must describe by category and location those documents in its possession, custody or control.

> Uniform Local Rule 26.1(A)(1)(b) If documents, data compilations, and tangible items required for production are voluminous, or other circumstances make their production unduly burdensome or expensive, the party may describe by category and location all such documents, data compilations, ad tangible things in its possession, custody or control and shall provide the opposing party a reasonable opportunity to review all such documents, data compilations and tangible items, at the site at which they are located or maintained.

Northern and Southern District of Mississippi Uniform Local Rule 26.1(A)(1)(b)

Again, without an extension of the discovery deadline, these documents which were

allegedly available for Plaintiffs to inspect and copy will not be obtained by Plaintiffs in this action. State Farm's orchestrated efforts to thwart the discovery process and to manipulate this court and the Federal and Local Rules to aid in its obstructionist tactics should not be tolerated or condoned.

## II. CONCLUSION

The Defendant has not shown, or even alleged, that the requested extension will prejudice its case. The trial date in this matter is scheduled for June 7, 2010. The Settlement Conference is is scheduled for January 29, 2010. The difficulties in scheduling numerous out of state depositions and the objections to and the withholding of discoverable data and information by State Farm require an extended discovery period. Further, the requested extensions will not affect any other currently pending deadline.

State Farm has engaged in obstructionist tactics to prevent and/or to limit Plaintiffs' discovery of relevant information and/or information likely to lead to the discovery of admissible evidence. The Plaintiffs respectfully request that this Court extend the discovery deadline to January 11, 2010, and motions deadline to January 25, 2010. Further, to ensure the meeting of the extended deadline, Plaintiffs request the assistance of the court in ordering State Farm to make available for deposition on specified dates, without regard for the deponents schedules, of those deponents requested by Plaintiffs, in the same manner in which this court assisted State Farm in securing deposition dates of Plaintiffs to assist in the gathering of information necessary to resolve these disputed claims. .

WHEREFORE PREMISES CONSIDERED, Plaintiffs respectfully request that this Court grant their motion for extension of the discovery deadline and the motion deadline as outlined above. Plaintiffs further request that this court hold a R. 16 conference to schedule the depositions requested by Plaintiffs and to give State Farm a deadline for the production of required disclosures

in accordance with Federal Rule 26(a)(1) and Local Rule 26.1.  Plaintiffs further request any and all other such relief in their favor as this Court deems proper.

Respectfully submitted, this the 13th day of November, 2009.

BY: *s/Deborah R. Trotter*

DEBORAH R. TROTTER (MSB #101360)
MERLIN LAW GROUP, P.A.
368 Courthouse Road, Suite C
Gulfport, MS  39507
Telephone (228) 604-1175
Fax (228) 604-1176
Email dtrotter@merlinlawgroup.com
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 13th, 2009, that I have electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Deborah R. Trotter*
DEBORAH R. TROTTER (MSB#101360)
**MERLIN LAW GROUP, P.A.**
368 Courthouse Road, Suite C
Gulfport, Mississippi 39507
Telephone (228) 604-1175
 Facsimile (228) 604-1176
Email dtrotter@merlinlawgroup.com
Attorney for Plaintiffs