IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MARION S. LEBON and
LISA L. COWAND                                                    **PLAINTIFFS**

VS                                          CASE NO. 1:08-CV-509-LTS-RHW

STATE FARM FIRE & CASUALTY COMPANY                          **DEFENDANT**

<u>**PLAINTIFFS' MOTION TO COMPEL**</u>
<u>**CLAIMS HANDLING AND CLAIMS PRACTICES INFORMATION AND DATA**</u>

COME NOW Plaintiffs, Marion S. Lebon and Lisa L. Cowand ("Plaintiffs"), by and

through counsel, and file this Motion to Compel with their Memorandum in Support filed

contemporaneously, herewith.  Further, Pursuant to Rule 37 of the Federal Rules of Civil

Procedure and 37.1 of the Uniform Local Rules of the Northern and Southern Districts of

Mississippi, the Plaintiffs have made a good faith attempt to resolve the discovery issues

set forth herein and have attached the Good Faith Correspondence and Certificate

submitted to opposing counsel. (Please see Exhibit 1).

Also, Pursuant to Local Rule 26.1, Plaintiffs have listed individually,

consecutively and verbatim, each Request and Response they seek the Court to Compel

and the basis therefore, as follows:

<u>**INTERROGATORIES**</u>

**INTERROGATORY NO. 11:** Identify all individuals, including job title, function and
addresses, either formerly employed or currently employed by Defendant, who were/are
responsible for determining, promulgating, and overseeing company policies and
standard procedures for the administration, evaluation, determination, and payment of
property loss claims for Defendant in the State of Mississippi from 2000 to the present.
**RESPONSE:** State Farm objects to this interrogatory because it seeks information that is
not relevant to any issue in this suit and that is not reasonably calculated to lead to
discovery of admissible evidence. State Farm objects to this interrogatory as an improper
attempt to identify a 30(b)(6) witness. State Farm objects to this interrogatory because it
is overly broad in subject matter, scope, time, geographic area, and to the extent it seeks

information that has no bearing on Plaintiff's individual property damage claim made the basis of this suit. State Farm objects to this interrogatory because it invades the privacy rights of individuals who are not parties to this suit. State Farm objects to this interrogatory because complete search and response would be unduly burdensome and expensive.

**BASIS:** Plaintiffs are entitled to know the identity of those in charge of company policies, procedures, evaluation, determination, and payment of property loss claims for State Farm during the relevant time frame in Mississippi, as requested. The information requested seeks to determine whether or not State Farm properly trained its employees and/or representatives in compliance with its own claims handling practices and standards as outlined in its claims handling manuals and operation guides and within those claims handling practices and standards utilized in the insurance industry. Plaintiffs are entitled to this relevant information and this relevant information is necessary for Plaintiffs to properly prepare their case. The identity of those responsible with regard to claims handling policies, procedures, evaluation, determination, and payment of property loss claims in Mississippi during the relevant time period is a request for the identity of fact witnesses, within a limited subject matter, scope, time, and geographic area which specifically relates to the handling of Plaintiff's claim. Further, this request does not seek information that invades the privacy of non-parties to this suit. Further, State Farm has not provided any evidence that a complete search and response would be unduly burdensome and expensive. This request seeks relevant information and information that would lead to the discovery of relevant information. Plaintiffs move the Court for an Order compelling Defendant to provide a proper response immediately.

**INTERROGATORY NO. 12:** State with specificity every document containing statements of protocol, company guidelines, including, without limitation, administrative bulletins, intercompany memoranda, and other document(s) of any kind promulgated by Defendant and disseminated or distributed to its employees, relating to the standard,

recommended, or expected procedures for the administration, evaluation, determination, and payment of property loss claims in the State of Mississippi from 2000 through the present, and state the name(s), address(es), and telephone number(s) of all persons who have personal knowledge of any of these facts, identify all documents that support or explain any of these facts, and provide the name, address and telephone number of the custodian of such documents.

**RESPONSE:** State Farm objects to this multipart interrogatory as it is formulated with subparts requiring separate responses yet listed as one interrogatory. State Farm objects to this interrogatory because it seeks information that is not relevant to the claims or defenses of any party and that is not reasonably calculated to lead to the discovery of admissible evidence. State Farm objects to this interrogatory because it is overly broad in subject matter, scope, time, geographic area, and to the extent it seeks information that has no bearing on Plaintiff's individual property damage claim made the basis of this suit. State Farm objects to this interrogatory because it seeks information that is confidential, proprietary, or protected by the trade secret privilege and the Mississippi Trade Secret Act. State Farm objects to this interrogatory because it seeks information that is protected by the attorney/client or work product privileges, which are asserted. State Farm objects to this interrogatory because it invades the privacy rights of individuals who are not parties to this suit. State Farm objects to this interrogatory because complete search and response would be unduly burdensome and expensive. Subject to and without waiving the foregoing, see State Farm's response to Request for Production No. 11 and the documents being made available in response to same.

**BASIS:** Plaintiffs are entitled to know the identity, as requested above, of any document related to State Farm's policies, protocol and guidelines with regard to claims handling for State Farm during the relevant time frame in Mississippi, as requested. Plaintiffs are also entitled to know the identity of the custodians and persons with knowledge of those documents requested. The information requested seeks to determine whether or not State Farm properly trained its employees and/or representatives in compliance with its own claims handling practices and standards as outlined in its claims handling manuals and operation guides, bulletins, intercompany memoranda, and other document(s) regarding claims handling in Mississippi during the relevant time period is a request for the identity of fact witnesses, within a limited subject matter, scope, time, and geographic area which specifically relates to the handling of Plaintiffs' claim. Further, this request does not seek information that invades the privacy of non-parties to this suit. Plaintiff is entitled to this

relevant information and this relevant information is necessary for Plaintiffs to properly prepare their case. Further, State Farm has not provided any evidence that a complete search and response would be unduly burdensome and expensive. This request seeks relevant information and information that would likely lead to the discovery of admissible evidence. Further, if State Farm has possession, custody or control of responsive documents, those documents should be produced and labeled in such a way that State Farm can specifically correlate responsive documents to the request for such information. Plaintiffs move the Court for an Order compelling Defendant to provide a proper response immediately.

**INTERROGATORY NO. 15:** State with specificity the name and date of implementation of every program, procedure, method, incentive plan, incentive goals, claims severity goals, bonus plan, 401K plan, profit sharing, merit increase, salary increase structure, employee review procedures (whether yearly, quarterly, monthly or otherwise), or all other manners in which Defendant's representative(s) and/or employee(s) may obtain income from his or her employment with Defendant with respect to property loss claims in the State of Mississippi from 2004 to the present, and identify persons who have personal knowledge of these matters by name(s), address(es), and telephone number(s), along with the name, address and telephone number of the custodian of such material. (This Interrogatory seeks the name of every employee of Defendant who had or has anything to do with property loss claims, including without limitation, the adjuster(s), local claims representative(s), branch claims representative(s), regional or home office claims representative(s) regional or home office claims auditor(s) or claims examiner(s), all claims manager(s), claims supervisor(s), executive officers of the company, and all members of any review committees or claims committees.)

**RESPONSE:** State Farm objects to this multipart interrogatory as it is formulated with subparts requiring separate responses yet listed as one interrogatory. State Farm objects to this interrogatory because it seeks information that is not relevant to the claims or defenses of any party and that is not reasonably calculated to lead to the discovery of admissible evidence. State Farm objects to this interrogatory because it is overly broad in subject matter, scope, time, geographic area, and to the extent it seeks information that has no bearing on Plaintiff's individual property damage claim made the basis of this suit. State Farm objects to this interrogatory because the phrase "the name of every employee of State Farm who had or has anything to do with property loss claims" is vague, ambiguous, and overly broad. State Farm objects to this interrogatory because it seeks information that is confidential, proprietary or protected by the trade secret privilege and the Mississippi Trade Secret Act. State Farm objects to this interrogatory because complete search and response would be unduly burdensome and expensive.

**BASIS:** Plaintiffs are entitled to know the identity, as requested above, of any document related to State Farm's program, procedure, method, incentive plan, incentive goals, claims severity goals, bonus plan, 401K plan, profit sharing, merit increase, salary increase structure, employee review procedures (whether yearly, quarterly, monthly or otherwise), or all other manners in which Defendant's representative(s) and/or employee(s) may obtain income from his or her employment with Defendant with respect to property loss claims during the relevant time frame in Mississippi, as requested. Plaintiffs are also entitled to know the name and date of implementation of the same and the identity of the custodians and persons with knowledge of those documents requested. The information requested seeks to determine whether or not State Farm properly or improperly incentivized its employees and/or representatives with performance based income and/or payment programs tied to claims handling practices and standards in compliance with its own claims handling practices and standards as outlined in its claims handling training materials and/or manuals in Mississippi during the relevant time period, within a limited subject matter, scope, time, and geographic area which specifically relates to the handling of Plaintiffs' claim. Plaintiffs are entitled to this relevant information and this relevant information is necessary for Plaintiffs to properly prepare their case. Further, State Farm has not provided any evidence that a complete search and response would be unduly burdensome and expensive. This request seeks relevant information and information that would likely lead to the discovery of admissible evidence. Further, State Farm has not provided any evidence that a complete search and response would be unduly burdensome and expensive. Further, if State Farm has possession, custody or control of responsive documents, those documents should be

identified and described by category and location, and in such a way that State Farm can

specifically correlate responsive documents to the request for such information. Plaintiffs

move the Court for an Order compelling Defendant to provide a proper response

immediately.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 4:** Copy of records of public complaints regarding Defendant' hurricane loss claim denials and claims handling in the State of Mississippi from 1995 to the present, including without limitation those complaints filed internally and with the Mississippi Department of Insurance.
**RESPONSE:** State Farm objects to this request to the extent it seeks documents that are a matter of public record and equally available to Plaintiff. State Farm objects to this request because it seeks information that is not relevant to any issue in this suit and that is not reasonably calculated to lead to discovery of admissible evidence. State Farm objects to this request because the term "filed internally" is vague and ambiguous. State Farm objects to this request because it is overly broad in subject matter, scope, time, geographic area, and to the extent it seeks information that has no bearing on Plaintiff's individual property damage claim made the basis of this suit. State Farm objects to this request because it seeks information regarding claim files of insureds who are not parties to this lawsuit and, therefore, has the potential of invading the privacy rights of those insureds.

**BASIS:** Plaintiffs are entitled to all responsive, relevant documents in the possession,

custody and/or control of State Farm.  Public complaints regarding Defendant's handling

of hurricane claims is directly relevant to State Farm's trade practices and how those

trade practices related to and affected the handling of Plaintiffs' Hurricane Katrina claim

by State Farm. This request seeks documents, including electronic data, regarding the

public's complaints presented to State Farm and to the Mississippi Department of

Insurance.  Documents provided by State Farm listed in the Mississippi Department of

Insurance's Market Conduct Survey are responsive to this request.   (Please see for

example, Exh. 2, Market Conduct Survey pp.7, 8, 13, 15, 22, 27, 28, 38- 41.) This

requested information is in the possession, custody, and/or control of State Farm and

should be produced to Plaintiffs. Plaintiffs are entitled to production of all documents in accordance with Plaintiffs' requested format, The information requested seeks to determine, without limitation, State Farm's trade practices and claims handling practices at the time of Hurricane Katrina and at the time of previous hurricanes for which State Farm has queried Plaintiffs about, such as Georges in 1998. Further, this request is specifically detailed to ensure that all relevant documents and electronic data requested by Plaintiff pursuant to the Federal Rules of Civil Procedure have been sought, preserved and/or produced by State Farm, as required for all relevant documents, including electronic data, which is in the possession, custody and/or control of State Farm. Further, this request seeks to determine whether or not electronically stored information (ESI) requested in Plaintiffs' Request for Production will require further Federal Rule 26(f) Meet and Confers to discuss the native and .tiff format production of ESI and to further determine whether Defendant has produced or will need to produce the requested ESI with passwords, software and/or in a reasonably usable form. Further, this request seeks information regarding Mississippi claims handling during the relevant time period, which is within limited subject matter, scope, time, and geographic area which specifically relates to the handling of Plaintiffs' claim. Further, the information requested seeks the additional third party information relied upon and considered by State Farm, its employees, representatives, agents and/or experts prior to litigation, as well as the information relied upon, considered and/or introduced in this litigation by State Farm. Further, this request seeks responsive, relevant information pertaining to Plaintiffs' claims and Defendant's defenses and to determine whether relevant electronic and hard copy information pertaining to Plaintiffs' claims and Defendant's defenses were properly

identified, preserved and produced. Further, Plaintiffs are entitled to this relevant information and this relevant information is necessary for Plaintiffs to properly prepare their case. This request seeks relevant information and information that would likely lead to the discovery of admissible evidence. Further, if State Farm has possession, custody or control of responsive documents, including ESI, those documents should be produced and labeled in such a way that State Farm can specifically correlate responsive documents to the request for such information, in the format requested by Plaintiffs. Further, responsive documents and emails referred to in State Farm's response have not been supplemented or produced.  Plaintiffs move the Court for an Order compelling Defendant to provide a proper response immediately.

**REQUEST NO. 11:** Copy of all claims manuals of any date (printed, electronic, videotaped, recorded), bulletins, memoranda, directives, letters, and other forms of written or computerized communication directed to claims personnel, claims managers, claims supervisors, or any other person acting on behalf of Defendant that touch on, refer to, or relate to the handling and adjustment of property loss claims in the state of Mississippi from the years of 2004 through the present.

**RESPONSE:** State Farm objects to this request because it seeks information that is not relevant to any issue in this suit and that is not reasonably calculated to lead to discovery of admissible evidence. State Farm objects to this request because it is overly broad in subject matter, scope, time, geographic area, and to the extent it seeks information that has no bearing on Plaintiff's individual property damage claim made the basis of this suit. State Farm objects to this request because it seeks information that is confidential, proprietary, or protected by the trade secret privilege and the Mississippi Trade Secret Act. State Farm objects to this request because it seeks information that is protected by the attorney/client or work product privileges, which are asserted. State Farm objects to this request because complete search and response would be unduly burdensome and expensive. Subject to and without waiving the foregoing, State Farm will make the Wind/Water Claim Handling Protocol and relevant non-privileged Operations Guides illustrative of claim handling guidelines applicable to property damage claims arising out of Hurricane Katrina in Mississippi available for inspection and copying at the office of State Farm's counsel.

**SUPPLEMENTAL RESPONSE:** Without waiving the foregoing objection, see attached confidential documents, bates labeled LEBM00002104PROD – LEBM00009122PROD, which are produced pursuant to the entry of a protective order [19] on March 13, 2009.

**BASIS:** Plaintiffs are entitled to all responsive, relevant documents, including electronic data, in the possession, custody and/or control of State Farm. Plaintiffs are entitled to any requested materials and/or manuals used by State Farm to train adjusters, claims representatives, claims supervisors, or any other individual involved in property loss claims-handling process during the relevant time frame in Mississippi, as requested. The information requested seeks to determine whether or not State Farm properly trained its employees and/or representatives in compliance with its own claims handling practices and standards as outlined in its claims handling training materials and/or manuals in Mississippi during the relevant time period, within a limited subject matter, scope, time, and geographic area which specifically relates to the handling of Plaintiffs' claim. Plaintiffs are entitled to this relevant information and this relevant information is necessary for Plaintiffs to properly prepare his case. Defendant has not provided a copy, or a description by category and location, of responsive documents as required by the Federal Rules of Civil Procedure. Defendant's data dump of over 7,000 documents converted from searchable format into non-searchable, .pdf images is non-responsive. Defendant should be ordered to provide documents in their native format as requested by Plaintiffs and should be ordered to provide a description by category and location, including custodian. Further, State Farm has not provided any evidence that a complete search and response would be unduly burdensome and expensive. Further, Defendant has not justified shifting the burden of its production to the Plaintiffs by demanding inspection and copying. Further, Plaintiffs requested the identity of all responsive documents requested here in his Interrogatory Nos. 13 and 14, which Defendant has failed to provide, which index would have benefited both parties with regard to any

alleged voluminous documents and data.  Defendant should be compelled to adhere to the

Federal Rules of Civil Procedure and not allowed to send Plaintiffs on a search for

documents produced by Defendant in other litigation.  (See Exh. 3, Lists of State Farm

Documents Compiled by other Litigants.)  This request seeks relevant information and

information that would likely lead to the discovery of admissible evidence. Further, if

State Farm has possession, custody or control of responsive documents, those documents

should be produced and labeled in such a way that State Farm can specifically correlate

responsive documents to the request for such information, in the format requested.

Plaintiffs move the Court for an Order compelling Defendant to provide a proper

response immediately.

**REQUEST NO. 13:** Copy of employee handbooks of any date utilized/used or given to
Defendant's personnel, adjusters and supervisors for the purpose of adjusting claims in
the state of Mississippi from 2004 to the present, including, but not limited to, orientation
manual or booklet; benefits, profit-sharing, stock ownership and incentive plans; and
company philosophies and policies in handling property loss claims.
**RESPONSE:** State Farm objects to this request because it seeks information that is not
relevant to any issue in this suit and that is not reasonably calculated to lead to discovery
of admissible evidence. State Farm objects to this request because the term "company
philosophies" is vague and ambiguous. State Farm objects to this request because it is
overly broad in subject matter, scope, time, geographic area, and to the extent it seeks
information that has no bearing on Plaintiff's individual property damage claim made the
basis of this suit. State Farm objects to this request to the extent it seeks information that
is copyrighted by Xactware. State Farm objects to this request because it seeks
information that is confidential, proprietary or protected by the trade secret privilege
and the Mississippi Trade Secret Act. State Farm objects to this request because complete
search and response would be unduly burdensome and expensive. Subject to and without
waiving the foregoing, see State Farm's response to Request for Production No. 11 and
the documents being made available in response to same.

**BASIS:** Plaintiffs are entitled to all responsive, relevant documents, including electronic

data, in the possession, custody and/or control of State Farm.  Plaintiffs are entitled to all

requested employee handbooks utilized/used or given by State Farm to employees, agents

and/or representatives, including without limitation, adjusters, claims representatives,

claims supervisors, or any other individual involved in property loss claims-handling process during the relevant time frame in Mississippi, as requested. The information requested seeks to determine whether or not State Farm properly trained its employees and/or representatives in compliance with its own claims handling practices and standards as outlined in its claims handling training materials and/or manuals in Mississippi during the relevant time period, within a limited subject matter, scope, time, and geographic area which specifically relates to the handling of Plaintiffs' claim. Further, this request seeks to determine whether State Farm used employee incentive programs to advance State Farm's interests and/or its employees', agents' and/or representatives' interests over those of the Plaintiffs. Plaintiffs are entitled to this relevant information and this relevant information is necessary for Plaintiffs to properly prepare their case. Training Manuals regarding estimating programs used by State Farm, its employees and/or agents are relevant and discoverable. (See Exh. 4, Order Compelling Xactware Information.) Further, State Farm has not provided any evidence that a complete search and response would be unduly burdensome and expensive. This request seeks relevant information and information that would likely lead to the discovery of admissible evidence. Further, if State Farm has possession, custody or control of responsive documents, those documents should be produced and labeled in such a way that State Farm can specifically correlate responsive documents to the request for such information, in the format requested. Plaintiffs move the Court for an Order compelling Defendant to provide a proper response immediately.

**REQUEST NO. 14:** Copy of all newsletters, bulletins, or other publications of any date, paper and electronic, that addresses and/or has information regarding Defendant's handling procedures of property loss claims in the state of Mississippi from 2004 to the

present including, but not limited to, company-wide; regional and local; video-conferences; and video magazines.

**RESPONSE:** State Farm objects to this request because it seeks information that is not relevant to any issue in this suit and that is not reasonably calculated to lead to discovery of admissible evidence. State Farm objects to this request because it is overly broad in subject matter, scope, time, geographic area, and to the extent it seeks information that has no bearing on Plaintiff's individual property damage claim made the basis of this suit. State Farm objects to this request because it seeks information that is confidential, proprietary or protected by the trade secret privilege and the Mississippi Trade Secret Act. State Farm objects to this request because the phrase "or other publications of any date, paper and electronic" is vague, ambiguous and overly broad. State Farm objects to this request to the extent it seeks information that is protected by the E-Government Act, 44 U.S.C. §§ 3500 *et seq*. State Farm objects to this request because complete search and response would be unduly burdensome and expensive. Subject to and without waiving the foregoing, see State Farm's response to Request for Production No. 11 and the documents being made available in response to same.

**BASIS:** Plaintiffs are entitled to all responsive, relevant documents, including electronic data, in the possession, custody and/or control of State Farm. Plaintiffs are entitled to all requested newsletters, bulletins, or other publications regarding State Farm's property loss claims-handling process during the relevant time frame in Mississippi, as requested. The information requested seeks to determine whether or not State Farm properly informed and trained its employees and/or representatives in compliance with its own claims handling practices and standards as outlined in its claims handling training materials and/or manuals in Mississippi during the relevant time period, within a limited subject matter, scope, time, and geographic area which specifically relates to the handling of Plaintiffs' claims as outlined in his Complaint. Plaintiffs are entitled to this relevant information and this relevant information is necessary for Plaintiff to properly prepare his case. Further, State Farm has not provided any evidence that a complete search and response would be unduly burdensome and expensive. This request seeks relevant information and information that would likely lead to the discovery of admissible evidence. Further, if State Farm has possession, custody or control of responsive

documents, those documents should be produced and labeled in such a way that State

Farm can specifically correlate responsive documents to the request for such information,

in the format requested. Plaintiffs move the Court for an Order compelling Defendant to

provide a proper response immediately.

**REQUEST NO. 15:** Copy of any and all "Claim Committee" (or any other name of a group of two or more of Defendant's employees and/or adjusters and other representatives of Defendant who may meet to discuss property loss claims in the state of Mississippi from 2004 through the present) reports, committee minutes, or written notes prepared or taken in connection with any meetings held on this claim, including, but not limited to, names of the members; reports issued by the committee and/or group on this case; and documentation of "committee" and/or group deliberations.

**RESPONSE:** State Farm objects to this request because it seeks information that is not relevant to any issue in this suit and that is not reasonably calculated to lead to discovery of admissible evidence. State Farm objects to this request because it is overly broad in subject matter, scope, time, and geographic area. State Farm objects to this request because the phrase "Claim Committee (or any other name of a group of two or more of State Farm's employees and/or adjusters and other representatives of State Farm who may meet to discuss property loss claims in the state of Mississippi from 2004 through the present)" is vague and ambiguous. State Farm objects to this request because it seeks information that is protected by the attorney/client or work product privileges, which are asserted. Subject to and without waiving the foregoing objections, State Farm states that many hundreds of "meetings" were held on a daily basis following Hurricane Katrina. To the extent there were meetings concerning Plaintiff's claim, State Farm refers Plaintiff to the non-privileged portion of the claim file.

**BASIS:** Plaintiffs are entitled to all responsive, relevant documents, including electronic

data, in the possession, custody and/or control of State Farm.  Plaintiffs are entitled to all

requested committee documentation, including without limitation, reports, minutes and

directives, regarding property loss claims-handling during the relevant time frame in

Mississippi, as requested.  The information requested seeks to determine whether or not

State Farm properly informed and trained its employees and/or representatives in

compliance with its own claims handling practices and standards as outlined in its claims

handling training materials and/or manuals in Mississippi during the relevant time period,

within a limited subject matter, scope, time, and geographic area which specifically

relates to the handling of Plaintiffs' claims as outlined in his Complaint. Plaintiffs are entitled to this relevant information and this relevant information is necessary for Plaintiffs to properly prepare their case. Further, State Farm has not provided any evidence that a complete search and response would be unduly burdensome and expensive. This request seeks relevant information and information that would likely lead to the discovery of admissible evidence. Further, if State Farm has possession, custody or control of responsive documents, those documents should be produced and labeled in such a way that State Farm can specifically correlate responsive documents to the request for such information, in the format requested. Plaintiffs move the Court for an Order compelling Defendant to provide a proper response immediately.

**REQUEST NO. 16:** Copy of Defendant's philosophies, directives, goals, etc., on the handling of property losses and/or windstorm/hurricane claims from 2004 through the present, including, but not limited to, windstorm/hurricane claims handling policies; providing service to policyholders; good/bad faith claim handling of first party property and/or windstorm/hurricane claims; extra-contractual damages and suits involving property losses and/or windstorm/hurricane claims; compliance with unfair claim practices statutes; and wrongful claims handling.

**RESPONSE:** State Farm objects to this request because it seeks information that is not relevant to any issue in this suit and that is not reasonably calculated to lead to discovery of admissible evidence. State Farm objects to this request because it is overly broad in subject matter, scope, time, geographic area, and to the extent it seeks information that has no bearing on Plaintiff's individual property damage claim made the basis of this suit. State Farm objects to this request because the phrase "philosophies, directives, goals, etc., on the handling of property losses and/or windstorm/hurricane claims" is vague and ambiguous. State Farm objects to this request because it seeks information that is confidential, proprietary, or protected by the trade secret privilege and the Mississippi Trade Secret Act. State Farm objects to this request because it seeks information that is protected by the attorney/client or work product privileges, which are asserted. State Farm objects to this request because complete search and response would be unduly burdensome and expensive. Subject to and without waiving the foregoing, see State Farm's response to Request for Production No. 11 and the documents being made available in response to same.

**SUPPLEMENTAL RESPONSE:** Without waiving the foregoing objection, see attached confidential documents, bates labeled LEBM00002104PROD – LEBM00009122PROD, which are produced pursuant to the entry of a protective order [19] on March 13, 2009.

14

**BASIS:** Defendant's response is non-responsive. Plaintiffs have filed numerous contractual and extra-contractual claims in this action. Plaintiffs are entitled to all responsive, relevant documents, including electronic data, in the possession, custody and/or control of State Farm. Plaintiffs are entitled to all requested philosophies, directives, goals, etc., on the handling of property losses and/or windstorm/hurricane claims from 2004 through the present, which is the relevant time frame in Mississippi. The information requested seeks to determine whether or not State Farm properly informed and trained its employees and/or representatives in compliance with its own claims handling practices and standards as outlined in its claims handling training materials and/or manuals in Mississippi during the relevant time period, within a limited subject matter, scope, time, and geographic area which specifically relates to the handling of Plaintiffs' claims as outlined in his Complaint. Plaintiffs are entitled to this relevant information and this relevant information is necessary for Plaintiffs to properly prepare their case. Further, State Farm has not provided any evidence that a complete search and response would be unduly burdensome and expensive. This request seeks relevant information and information that would likely lead to the discovery of admissible evidence. Further, if State Farm has possession, custody or control of responsive documents, those documents should be produced and labeled in such a way that State Farm can specifically correlate responsive documents to the request for such information, in the requested format. Defendant has essentially produced what is considered a "data dump" of relevant documents converted from a once searchable format to non-searchable, .pdf images, without correlation to Plaintiffs' requests. Further, these documents should have been described by category and location, including the custodians

of the same.  Plaintiffs move the Court for an Order compelling Defendant to provide a proper response immediately.

## CONCLUSION

Plaintiffs submit that State Farm keeps all claims investigation and handling information, documents and data in an electronic claim file(s) residing on various databases and servers. Federal Rules of Civil Procedure 34(b)(1)(C) provides that " The request may specify the form or forms in which electronically stored information is produced."  Further, Federal Rules of Civil Procedure 34(b)(2)(D) allows a responding party to object to a request for production of electronically stored information as an objection in the party's response: "The response may state an objection to a requested form for producing electronically stored information.  If the responding party objects to a requested form—or if no form was specified in the request—the party must state the form or forms it intends to use."

Pursuant to Rule 34 Requests for Production, Plaintiffs requested electronically stored information and data be produced in a specified format, as detailed in the sections, Instructions and Definitions, preceding the Specific Requests.  (Exh. B to Plaintiffs' Memorandum in Support.) Defendant, State Farm, asserted no objections to the Plaintiffs' requested form of production.  Therefore, Defendant, State Farm, has waived any objection to the form of production for electronically stored information and should be required to produce all relevant and responsive electronically stored information in accordance with Plaintiffs' requested form of production.

Further, Federal Rules of Civil Procedure 26(a)(1)(A)(ii) requires that a party must, without awaiting a discovery request, provide to the other parties "a copy—or description

by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims, or defenses, unless the use would be solely for impeachment;" Defendant State Farm has not complied with the requirements of this rule. Information and data regarding Defendant's denial of Plaintiffs' claims and its defenses to Plaintiffs' claims has not been provided or described by category and location. Defendant has numerous databases where relevant, responsive electronically stored information resides. Further, Defendant has control over relevant, responsive information, documents, and data in the possession of its third party vendors such as independent adjusters and engineers utilized by and relied upon by Defendant to assess and either deny or pay Plaintiffs' claims.

Moreover, Federal Rules of Civil Procedure 26(a)(b)(1) provides the general scope of discovery allowing that "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense—**including the existence, description, nature, custody, condition and location of any documents or other tangible things** and the identity and location of persons who know of any discoverable matter." (Emphasis added.) Again, Defendant has not provided relevant, responsive information and data, including the existence, description, nature, custody, condition and location of any documents or other tangible things as requested by Plaintiffs.

Plaintiffs have propounded numerous requests for information to Defendant State Farm regarding its document retention and storage; paper and electronic communication transmittals; first party investigation and claims handling procedures; and information, documents and data related to the investigation and handling of Plaintiffs' claims.

Plaintiffs have repeatedly requested that the Defendant State Farm provide relevant, responsive information regarding the existence, description, nature, custody and location of documents, including electronically stored information, and other tangible things, including electronic and digital equipment, to which Defendant has offered only blanket objections and/or has refused to respond at all.

WHEREFORE PREMISES CONSIDERED, Plaintiffs respectfully request that this Honorable Court compel Defendant to provide a copy, or a description by category and location, including custodian, of all relevant information, documents and data and to properly respond to Plaintiffs' Interrogatory Nos. 11, 12 and 15, and Requests for Production Nos. 4, 11, 13, 14, 15 and 16, in the format requested by Plaintiffs, immediately.  Further, Plaintiffs request that this Honorable Court compel Defendant to describe its process for identifying and preserving relevant information, documents and data.  Plaintiffs further request that this Honorable Court grant them attorney fees and costs associated with the preparation of this Motion and any an all other such relief in favor of Plaintiffs this Court deems just.

Respectfully submitted, this the 10th day of December, 2009.

MARION S. LEBON and LISA L. COWAND, Plaintiffs

BY:    */s/Deborah R. Trotter*
DEBORAH R. TROTTER, MSB: #101360

Merlin Law Group, P.A
368 Courthouse Road, Suite C
Gulfport, MS  39507
Telephone (228) 604-1175
Fax (228) 604-1176
Email: dtrotter@merlinlawgroup.com
Attorneys for Plaintiffs

18

## CERTIFICATE OF SERVICE

I, Deborah R. Trotter, do hereby certify that a copy of the preceding Motion to Compel has been served via email, to the following:

Hal S. Spragins
Hickman, Goza & Spragins
P.O. Drawer 668
Oxford, MS  38655
sspragins@hickmanlaw.com


This the 10th day of December, 2009.

/s/Deborah R. Trotter
Deborah R. Trotter, MSB #10136
Merlin Law Group, P.A
368 Courthouse Road, Suite C
Gulfport, MS  39507
Telephone (228) 604-1175
Fax (228) 604-1176
Email: dtrotter@merlinlawgroup.com
Attorneys for Plaintiffs

19