IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MARION S. LEBON and LISA L. COWAND                                    PLAINTIFFS

VS.                                                                 CAUSE NO.: 1:08CV509-LTS-RHW

STATE FARM FIRE & CASUALTY COMPANY                                    DEFENDANT

**MOTION OF THE DEFENDANT, STATE FARM FIRE AND CASUALTY COMPANY, TO STRIKE PLAINTIFFS' MOTIONS [85, 87, 91] TO COMPEL OR, IN THE ALTERNATIVE FOR ADDITIONAL TIME TO RESPOND TO SAME**

Comes now the defendant, State Farm Fire and Casualty Company, and pursuant to L.U.Civ.R. 7(b)(2)(B) moves the Court to strike three motions [85, 87, 91] to compel filed by plaintiffs in violation of L.U.Civ.R. 7(b)(2)(B).

**Background**

1.    Plaintiffs filed three motions to compel subject to the instant motion: (1) on December 10, 2009, they filed Plaintiffs Motion [85] to Compel Emails and Electronic Communications and Data; (2) also on December 10, 2009, they filed Plaintiffs' Motion [87] to Compel Claims Handling and Claims Practices Information and Data; and (3) on December 16, 2009, they filed Plaintiffs' Motion [91] to Compel Information Regarding Defendant's Insurance Agreements for Liability, Reimbursement or Indemnification.

2.    The motion [85] to compel emails encompasses State Farm Fire responses to one interrogatory and five requests for production. The motion is seventeen pages long and is accompanied by a memorandum of law [86] that is twenty-nine pages long.

3.    The motion [87] to compel claims handling information encompasses State Farm Fire responses to three interrogatories and six requests for production. It is eighteen pages long

and is accompanied by a memorandum of law that is twenty-nine pages long.

4.      The motion [91] to compel insurance information adds another four pages and a memorandum in support that is twelve pages long.

5.      Together, the three motions encompass a wide array of potential additional documents and information.

6.      State Farm Fire propounded the responses to plaintiffs' interrogatories – now the subject of the instant motions to compel – on March 3, 2009.  (Notice [17] of Service of Discovery). State Farm Fire later propounded supplemental responses to plaintiffs' interrogatories on March 17, 2009.  (Notice [23] of Service of Discovery).

7.      State Farm Fire propounded its responses to the now-contested requests for production on March 9, 2009, (Notice [18] of Service of Discovery), and State Farm Fire filed supplemental responses to the requests for production on March 17, 2009.  (Notice [24] of Service of Discovery).

8.      Nearly eight months later, on November 2, 2009, plaintiffs' counsel sent the first "good faith" letter to counsel for State Farm Fire.  (Ex. 1 to plaintiffs' motion [87] to compel). The November 2, 2009, letter contains no complaints about State Farm Fire's responses to the written discovery requests about which plaintiffs complain in the instant motion.  The first letter in which plaintiffs complain of State Farm Fire's written discovery responses was dated three days later, on November 5, 2009.  (Ex. 1 to plaintiffs' motion [87] to compel).

9.      It should be noted that at the time plaintiffs' counsel mailed her good faith letters, the Court's original deadline for conducting discovery, November 16, 2009, was still in place. Plaintiffs filed a motion [73] to extend the discovery deadline on November 10, 2009.  In an

order dated November 18, 2009, the Court granted the extension of the discovery deadline to its current date of January 11, 2010. In its order, the Court noted, ". . . Plaintiffs have not been as diligent as they could have been in scheduling and conducting timely depositions in this case."

10. As noted above, the underlying motions to compel were filed on December 10 and 14, 2009, or roughly one month before the discovery deadline passes (with the holiday season in the mix).

### Plaintiffs' motion and the accompanying memorandum brief violate L.U.CIV.R. 7(b)(2)(B).

11. Pursuant to L.U.CIV.R. 7(b)(2)(B), "A party must file a discovery motion sufficiently in advance of the discovery deadline to allow response to the motion, ruling by the court and time to effectuate the court's order before the discovery deadline."

12. Although the current permutation of the rule became effective on December 1, 2009, its predecessor, UNIF. LOCAL R. 7.2(B)(2) likewise required that all motions concerning discovery be filed so as "not to affect" the deadline. Furthermore, upon information and belief, the amended local rules now in effect were available for review in advance of their effective date. No reason to excuse plaintiffs from the requirement of timely filing of discovery motions exists.

13. Plaintiffs filed the first two motions and supporting memoranda on December 10 and 14, 2009, making State Farm Fire's responses due on December 28. L.U.CIV.R. 7(b)(4). Plaintiffs' rebuttals, if any, would then be due January 4, 2010. Accordingly, there would then be seven days before the deadline for the Court to not only decide *both* motions [85,87] to compel, but to effectuate its rulings on both. L.U.CIV.R. 7(b)(2)(B). Due to the holiday schedule, the plaintiffs' third motion [91] to compel follows the same briefing schedule.

14. The Court noted in its November 18, 2009, order that ". . . Plaintiffs have not been

as diligent as they could have been in scheduling and conducting timely depositions in this case." As detailed above, plaintiffs waited nearly eight months before complaining about State Farm Fire's discovery responses. Morever, at the time the correspondence attached to the underlying motion was sent, the discovery deadline in the case was only a week away with no motion filed to extend it.

15. Even with the extension of the discovery deadline, given the scope of the pending motions to compel they should be stricken because they violate L.U.CIV.R. 7(b)(2)(B). *See Applewhite v. United States*, No. 3:07cv162-WHB-LRA, 2008 WL 4539625, at *1 (S.D. Miss. Oct. 7, 2008) (denying motion to compel as untimely under then-existing Local Rule 7.2(B)(2)).

### In the alternative, State Farm Fire requests more time to respond to the motions.

16. In the event the Court does not strike the motions to compel, State Farm Fire requests additional time to respond to the motions. Although fully cognizant of the approaching discovery deadline, State Farm Fire does not request time for the purpose of delay. The length and complexity of the motions are described above, and counsel for State Farm Fire would also point out the current holiday season as grounds for the extension.

17. Moreover, counsel for these plaintiffs has filed the same or substantially the same three motions to compel in two other civil actions being handled by counsel for State Farm Fire: *New Light Baptist Church v. State Farm Fire and Casualty Company*, Civil Action Number 1:08cv560-HSO-RHW and *Raymond Lizana v. State Farm Fire and Casualty Company*, Civil Action Number 1:08cv501-LTS-MTP.

18. Finally, contemporaneous with the above-listed motions to compel filed in three pending civil actions, plaintiffs have filed a total of four motions to quash in the *New Light Baptist*

4

*Church* and *Lizana* matters. While State Farm Fire does not herein request additional time to respond to the motions to quash, they are additional motions that will need responses and whose response times are running simultaneously with those of the motions to compel.

WHEREFORE, PREMISES CONSIDERED, the defendant, State Farm Fire and Casualty Company, requests the Court pursuant to L.U.Civ.R. 7(b)(2)(B) to strike the above-listed motions to compel as untimely. In the alternative, State Farm Fire requests additional time until January 7, 2009, in which to file responses to the motions. Given the straightforward nature of the instant motion, State Farm Fire requests to be excused from the L.U.Civ.R. 7 requirement of submitting a memorandum of law.

        Respectfully submitted,

        STATE FARM FIRE AND CASUALTY
        COMPANY

        HICKMAN, GOZA & SPRAGINS, PLLC
        Attorneys at Law
        Post Office Drawer 668
        Oxford, MS 38655-0668
        (662) 234-4000

        BY:  */s/ H. Scot Spragins*
             H. SCOT SPRAGINS, MSB # 7748

CERTIFICATE OF SERVICE

I, H. SCOT SPRAGINS, one of the attorneys for the Defendant, STATE FARM FIRE & CASUALTY COMPANY, do hereby certify that I have on this date electronically filed the foregoing document with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record.

DATED, this the 23rd Day of December, 2009.

*/s/ H. Scot Spragins*
H. SCOT SPRAGINS

H. SCOT SPRAGINS, MSB # 7748
HICKMAN, GOZA & SPRAGINS, PLLC
Attorneys at Law
Post Office Drawer 668
Oxford, MS 38655-0668
(662) 234-4000