IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| MARION S. LEBON and LISA COWAND<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY, STATE FARM AUTOMOBILE INSURANCE COMPANY, and STATE FARM JOHN DOES, One through Fifteen,<br><br>Defendants. | No.: 1:08-CV-509-LTS-RHW |

**STATE FARM'S MOTION TO EXCLUDE THE TESTIMONY OF
PLAINTIFFS' EXPERT WITNESS TAMMIE CROSSLEY**

1. State Farm Fire and Casualty Company ("State Farm") respectfully submits this Motion, pursuant to Federal Rules of Evidence 104(a), 702, 703, 401, 402, and 403 to exclude the testimony of Tammie Crossley.

2. Plaintiffs proffer Ms. Crossley to testify about matters pertaining to two reports she drafted in March 2009 estimating the costs to replace Plaintiffs' house after it was destroyed during Hurricane Katrina. As discussed more fully in the accompanying memorandum of law, incorporated herein, Ms. Crossley used 2009 prices in her replacement cost estimates, but the plain and unambiguous terms of the homeowners policy limit coverage to either the actual cash value of the loss *at the time of the loss* or the *actual* replacement costs. Ms. Crossley uses neither of these values. As a result, her proposed testimony is irrelevant, unhelpful to the fact finder, and inadmissible.

3. Furthermore, as discussed more fully in the accompanying memorandum of law, incorporated herein, Ms. Crossley's use of an improper and irrelevant price list to develop her reports is a pivotal misstep that renders her testimony unreliable and inadmissible.

4.	Finally, Ms. Crossley's opinion is based entirely on assumptions from Plaintiffs without any effort to independently verify those assumptions. Stated otherwise, Ms. Crossley's opinion is really Plaintiffs' lay opinion recast in the guise of an expert report, which falls far short of the requirements for an admissible expert opinion under *Daubert*.

5.	State Farm attaches the following exhibits to this Motion and incorporates them by reference:

Exhibit A:	Plaintiffs' homeowners policy;

Exhibit B:	Plaintiffs' flood policy on their dwelling;

Exhibit C:	Plaintiffs' flood policy on their guesthouse;

Exhibit D:	Claim file excerpts for Plaintiffs' homeowners claim;

Exhibit E:	Claim file excerpts for Plaintiffs' flood claim on their dwelling;

Exhibit F:	Claim file excerpts for Plaintiffs' flood claim on their guesthouse;

Exhibit G:	Transcript from the deposition of Tammie Crossley;

Exhibit H:	Dwelling Valuation Report of Tammie Crossley;

Exhibit I:	Outbuilding Valuation Report of Tammie Crossley;

Exhibit J:	Excerpts from the deposition of Marion S. LeBon.

WHEREFORE, the Court should exclude the opinions and testimony of Tammie Crossley in their entirety.

Respectfully submitted this the 2nd day of February, 2010,

<pre>/s/  H. Scot Spragins</pre>
H. SCOT SPRAGINS, MSB # 7748
HICKMAN, GOZA
& SPRAGINS, PLLC
Attorneys at Law
Post Office Drawer 668
Oxford, MS 38655-0668
(662) 234-4000
*Attorneys for Defendant*
*State Farm Fire and Casualty Company*

Case 1:08-cv-00509-LTS-RHW   Document 119   Filed 02/02/2010   Page 3 of 4

**CERTIFICATE OF SERVICE**

I, **H. SCOT SPRAGINS**, one of the attorneys for the Defendant, **STATE FARM FIRE & CASUALTY COMPANY**, do hereby certify that I have on this date electronically filed the foregoing document with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record.

DATED, February 2, 2010.

```
                                    /s/  H. Scot Spragins
```
                                    H. SCOT SPRAGINS

H. SCOT SPRAGINS, MSB # 7748
HICKMAN, GOZA & SPRAGINS, PLLC
Attorneys at Law
Post Office Drawer 668
Oxford, MS  38655-0668
(662) 234-4000