UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MARION S. LEBON AND LISA COWAN                                                    PLAINTIFFS

V.                                                         CIVIL ACTION NO. 1:08cv509-LTS-RHW

STATE FARM FIRE & CASUALTY COMPANY                                         DEFENDANT

### ORDER

Defendant's [121] Motion for Partial Summary Judgment is aimed at several legal theories presented in the [1] Complaint. These include claims for declaratory judgment; for policy reformation; for promissory estoppel; for bad faith/punitive and extra-contractual damages; and for negligent/intentional infliction of emotional distress. Plaintiffs have filed their own [123] Motion for Partial Summary Judgment claiming that they are entitled to judgment as a matter of law as to Defendant's liability under coverage A (dwelling and dwelling extension) in an amount measured by the replacement cost to rebuild their dwelling, less flood insurance payments already received, subject to policy limits.

Plaintiffs have abandoned their claims for reformation, for a declaratory judgment, and for promissory estoppel. The Court finds that Defendant is entitled to partial summary judgment on these issues.

As far as the remaining claims–punitive and extra-contractual damages (including mental and emotional distress)–are concerned, a thorough review of the record and application of the standards of Fed. R. Civ. P. 56 lead the Court to conclude that there are genuine issues of material fact preventing Defendant from obtaining judgment as a matter of law.

Plaintiffs' vacation home and dwelling extensions (a detached guest house, detached garage, gazebo, and greenhouse) in Bay St. Louis, Mississippi, were totally destroyed as a result of Hurricane Katrina on August 29, 2005. The structures at 1000 North Beach Boulevard were approximately 200 feet from the Bay of St. Louis. Plaintiffs have not replaced these insured structures since the storm.

Defendant also insured Plaintiffs under federally-backed flood policies, and paid the limits on each of these coverages ($250,000 for the house, $100,000 for its contents, $100,000 for the guest house, and $40,000 for the guest house contents). Defendant has not paid any benefits under Plaintiffs' homeowners policy.

Defendant places great reliance on *Broussard v. State Farm Fire and Casualty Co.*, 523 F.3d 618 (5th Cir. 2008), for the proposition that it had an arguable basis and reasonable justification for the denial of Plaintiffs' claim, thereby preventing consideration of punitive

damages. It is critical to keep in mind that "[a]n insurance carrier's duty to promptly pay a legitimate claim does not end because a lawsuit has been filed against it for nonpayment of it. Put more bluntly, if you owe a debt the duty to pay does not end when you are sued for nonpayment of it." *Gregory v. Continental Insurance Co.*, 575 So. 2d 534, 541 (Miss. 1991). *Broussard, supra,* also suggests that consequential or extra-contractual damages may be appropriate even when punitive damages are not. The Mississippi Supreme Court, in *United American Insurance Co. v. Merrill*, 978 So. 2d 613 (Miss. 2007), held that an award of attorney's fees are justified when punitive damages are awarded.

On a motion for summary judgment, the Court does not weigh the evidence or evaluate the credibility of witnesses. The Court considers the evidence submitted by the parties in support of and in opposition to the motion and grants all reasonable inferences to the non-moving party. In other words, that evidence and those inferences drawn from the evidence are viewed in the light most favorable to the non-moving party. The parties should understand that this does not mean, in the final analysis, that the jury will be given a punitive damages instruction or one that deals with extra-contractual damages. For present purposes, Defendant's [121] motion for partial summary judgment on the issues of punitive and extra-contractual damages is not well taken.

It should be pointed out that Defendant's presentation of evidence is not limited to the evidence the Defendant had in hand when it denied the claim. Because of Defendant's continuing duty to investigate a loss, Plaintiffs may not prevent Defendant from introducing evidence outside the claim file even if the evidence came to light in the context of litigation, i.e., the parties may offer any evidence from the entire claim evaluation process pre- and post-suit. Indeed, in *Broussard*, Defendant retained experts following the institution of litigation who were allowed to testify as to their opinion of the cause of the hurricane loss, and, based on a reading of the motion papers in the instant case, Plaintiffs cite the report of at least one of Defendant's retained experts to support their position that not all of their damage was caused by storm surge flooding.

As for Plaintiffs' [123] Motion for Partial Summary Judgment, which is premised on the condition that "should the Plaintiffs prevail at trial," this Court is not persuaded to veer from its previous rulings on the issue of replacement cost of the dwelling (which has not been replaced). Entitlement to damages will be governed by the terms of the subject insurance policy, and under Plaintiffs' contract with Defendant actual repair or replacement must be completed before replacement cost benefits become available. Plaintiffs, who received $490,000 in flood benefits, have not offered any persuasive authority or argument that the Court has not already considered to nullify the clear and unambiguous terms of their policy, or the prior rulings of this Court. Therefore, until the structures are actually replaced, Plaintiffs are limited to the actual cash value of their loss (replacement cost less depreciation, as defined by their own expert), taking into account other insurance benefits received and the limits of their homeowners policy. Although the Court is denying Plaintiffs' [123] Motion for Partial Summary Judgment, Defendant's request [135] to file a sur-reply will be granted for the purposes of a full record.

Finally, the Court is not in a position to render a decision on the merits of Plaintiffs'

claims for mental and emotional distress damages.  While Defendant argues that Plaintiffs may not recover for *intentional* infliction of emotional distress because of a time bar, Plaintiffs may still pursue extra-contractual damages arising from the alleged breach of the contract by Defendant.

Accordingly, **IT IS ORDERED**:

Defendant's [121] Motion for Partial Summary Judgment is **GRANTED IN PART** (as to declaratory judgment; policy reformation; and promissory estoppel), and **DENIED IN PART** (as to punitive and extra-contractual damages).

Plaintiffs' [123] Motion for Partial Summary Judgment is **DENIED**;

Defendant's [135] Motion to File Sur-reply with respect to [123] Plaintiffs' Motion for Partial Summary Judgment is **GRANTED** (because the proposed sur-reply is attached to the [135] motion and is already a part of the record, there is no need to file the document again).

**SO ORDERED** this the 18th day of March, 2010.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE